**PENNSYLVANIA RAILROAD COMPANY,**

**v.**

**TRANSPORT WORKERS UNION OF AMERICA, C.I.O., et al., Appellants,**

**TRANSPORT WORKERS UNION OF AMERICA et al.**

**v.**

**Honorable Francis L. VAN DUSEN.**

**Nos. 13250, 13251.**

United States Court of Appeals Third Circuit.

Argued May 23, 1960.

Decided May 23, 1960.

694

Asher W. Schwartz, New York City, for appellants.

Robert M. Landis, Philadelphia, Pa., for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

A district judge for the United States District Court for the Eastern District of Pennsylvania has issued a temporary restraining order which in effect restrains the defendants until May 28th from calling or encouraging a strike or work stoppage and from picketing the premises of the plaintiff. The defendants bring before us for relief from this order two propositions. The first is an appeal from the order; the second asks for a mandamus directed against the district judge issuing the order.

The first point is easily answered. This Court has said no later than April 25th of this year and again on January 22nd of this year that a temporary restraining order is not appealable. Pennsylvania Motor Truck Ass'n, et al. v. Port of Philadelphia Marine Terminal Ass'n, et al., 3 Cir., 1960, 276 F.2d 931; Madison Shipping Corp. v. National Maritime Union, et al., 3 Cir., 1960, 273 F.2d 955.

The second point presents more difficulty. We have said, so many times that we need not multiply the citations, that mandamus may not be used as a substitute for appeal. The plaintiff acknowledges this. But, it says, that here the district judge did not in his order respect the jurisdictional limitations within which Rule 65, 28 U.S.C.A., confines a judge in the issuing of a temporary restraining order without notice to the other side and hearing thereon. Therefore, it says, the order was void and being void is of no effect and an application for mandamus is a proper means of bringing the point to this Court.

The Court regrets that effort was not made to give the union notice of the application for a restraining order. Granted that it would have involved some inconvenience and granted, too, that the union whose headquarters is in New York had not at the time appointed local counsel, still, a telephone call to the union headquarters or to its counsel in New York would have eliminated the necessity of this hearing. This is regrettable, but we do not think jurisdictional, in view of what appears in this record.

The district judge's order does recite that the danger of irreparable injury is

immediate. The fact that he did not go further and state the conclusions in the terms of the rule we do not think makes the order void. The merits of the controversy will, of course, be looked into upon the hearing for preliminary injunction. We do not think the order so far fails to comply with the rule that we can say it is void. The application for mandamus (No. 13,251), therefore, will be denied and the motion for dismissal of the appeal (No. 13,250) on the matter of the temporary restraining order will be granted.