**UNITED STATES of America, Plaintiff-Appellee,**

v.

**NATIONAL MARINE ENGINEERS BENEFICIAL ASSOCIATION et al., Defendants-Appellants.**

**Docket 27082.**

United States Court of Appeals Second Circuit.

Argued July 3, 1961.

Decided July 3, 1961.

---

Lee Pressman, New York City, and Richard H. Markowitz, Philadelphia, Pa., for defendants Nat. Marine Engineers Beneficial Ass'n and Seafarers International Union of North America, for the application.

Marvin Schwartz and Donald Klein, New York City, for defendant International Organization of Masters, Mates and Pilots, for the application.

William H. Orrick, Jr., Asst. Atty. Gen., and Robert M. Morgenthau, U. S. Atty., S. D. N. Y., New York City (with whom was Donald B. MacGuineas, Atty., Dept. of Justice, Washington, D. C.), for United States, in opposition to the application.

CLARK, Circuit Judge.

This is an application for a stay, pending appeal, of the restraining order just issued by Chief Judge Ryan, directed against some dozen unions or their representatives and forbidding them to continue the pending ship strike until he may conduct the hearing on the government's motion for a preliminary injunction which he has set for Friday, July 7, 1961. The three defendants now appealing are the National Marine Engineers Beneficial Association, the Seafarers International Union of North America, and the International Organization of Masters, Mates and Pilots. Judge Ryan's order was entered around 8:00 p. m. on Monday, July 3, 1961. These defendants immediately filed notice of appeal and applied to me as a judge of the Court of Appeals for a stay of the order until the appeal could be heard. I arranged to hear the parties at once, and did so hear counsel for the unions and the government fully at my home in Hamden, Con-

necticut. At the close of the hearing and about 11:00 p. m., July 3, 1961, I stated to counsel, then still present before me, that I denied the application and that I should file a brief memorandum in a day or two. This memorandum follows.

At the outset I should note that my function at this time is a legally limited one. I am not now called upon to make a primary decision, but only to determine whether Judge Ryan's order is of such doubtful validity in law that its operation should be restrained until the hearing of the appeal. The other issue normally involved in applications of this kind, namely, that of irreparable injury to one side or the other by the granting or withholding of relief, I deem one I may well pass in view of the undoubted seriousness of the matter to all parties concerned. Thus viewing the problem I am quite clear that I am not justified in intervening at this time.

Chief Judge Ryan's order is issued pursuant to his findings under the "National Emergencies" provisions of the Labor-Management Relations Act as amended, §§ 206–210, 29 U.S.C. §§ 176–180. These findings show compliance by the government with all the preliminary steps required by the statute, including action by the President of the United States, upon report of a board of inquiry which he has appointed. The order itself is not one of either temporary or permanent injunction, but merely of restraint until all the parties can be heard with their witnesses at a court hearing scheduled four days later. The adjudication of the court to be made as a result of this hearing will of course be subject to review upon appeal.

At the hearing before me the parties by their counsel presented three major issues. I deem it unnecessary to attempt any final ruling upon them other than to say that my present reaction is against the position taken by the appellants and that in any event there is sufficient question to make grant of the requested stay improper. The first, raised by the government, is that no appeal lies from a mere temporary order, not an injunction,

i. e., that this entire proceeding is premature so far as the Court of Appeals is concerned. This is a question of law where there are precedents at least tending to sustain the government's position. See Grant v. United States, 2 Cir., 282 F.2d 165, and cases cited; Pennsylvania R. Co. v. Transport Workers Union of America, C. I. O., 3 Cir., 278 F.2d 693, and cases cited. The second, raised by the unions, is that even if there was initially a stoppage of shipping sufficient to support the statutory finding—which they do not concede—there is none such now in view of the settlements reached by the employers with various unions. This is essentially a question of fact, sharply disputed in affidavit and argument by the government. Presumably this will be in issue at the Friday hearing; at any rate I have no basis for now making a finding against the rulings below. The final issue, also raised by the unions, is one of law, namely, that the above cited provisions of the statute do not apply to supervising personnel, such as the engineers here involved.

The basis for this contention is based on statutory definitions and legal precedents to that effect, but applicable directly to other parts of the extensive Labor-Management Relations Act; the claim is that these definitions must necessarily govern this portion of the Act also. But I think Judge Ryan correct in ruling against this contention. Here involved is a separately stated and clearly severable part of the Act which in form provides for action against all parties to a labor dispute. Moreover, courts are properly unwilling to accept a perhaps literal reading of a statute which does obvious violence to the legislative intent. It would be ironical if all the elaborate machinery here provided for the meeting of "national emergencies" could be rendered ineffective to accomplish their purpose because a few supervisory personnel, out of all the various types of employees involved, were to be held beyond the reach of the law. Obviously ships cannot run without engineers, masters, mates, and pilots; if they are not within the statutory scope, the law is sadly deficient. I shall not so rule on this interim application.

Much was made of the drastic features of the law. It may perhaps be concluded that Congress intended drastic remedies for what it considered unusually serious needs. But obviously such problems of legislative policy present no issues for my consideration on this application. It is denied, as above stated, on Monday, July 3, 1961, at 11:00 p. m.