Florin **DENTE**, Appellee,

v.

**INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS, LOCAL 90, an unincorporated labor organization, Appellant.**

No. 72–2499.

United States Court of Appeals, Ninth Circuit.

Dec. 5, 1973.

Certiorari Denied May 28, 1974. See 94 S.Ct. 2607.

Donald S. Richardson, of Green, Richardson, Griswold & Murphy, Portland, Or., John Paul Jennings (argued), of Jennings, Gartland & Tilly, San Francisco, Cal., for appellant.

Carl R. Neil (argued), of Lindsay, Nahstoll, Hart, Duncan, Dafoe & Krause, Portland, Or., for appellee.

OPINION

Before CHAMBERS, BROWNING, and ELY, Circuit Judges.

ELY, Circuit Judge:

Florin Dente, a member of Local 90 of the International Organization of Masters, Mates and Pilots (hereinafter "MMP"), filed a grievance with the Local in December, 1969, against his employer for wrongful discharge. Since the Local was involved in contract renegotiations, this grievance, as well as many others, was not arbitrated until September, 1970. At that time, Dente was reinstated, but the arbitrator declined to award back pay.

Dente then initiated this damage action against his union, asserting that the delay between his grievance and the arbitration effectively deprived him of wages during the intervening period. The District Court held that under section 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a), as construed, Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), the union was liable to Dente for damages arising out of the delay in arbitration.

The threshold question is whether jurisdiction here exists under section 301(a), which vests jurisdiction in district courts over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . ."

■ Appellant contends that since MMP represents only "supervisory" employees, and since section 2(3) [1] of the National Labor Relations Act, as amended, 29 U.S.C. § 152(3), and section 501(3) [2] of the Labor Management Relations Act, 29 U.S.C. § 142(3), operate to exclude MMP from definition as a "labor organization *representing employees*" (emphasis added), jurisdiction cannot be predicated upon section

---

1. "The term 'employee' . . . shall not include . . . any individual employed as a supervisor. . . . "

2. " '(E)mployee' . . . shall have the same meaning as when used in subchapter II of this chapter (the original National Labor Relations Act) as amended by this chapter."

301(a). This rather mechanical approach to the statutory interpretation has found some judicial adherents. *See* Masters, Mates & Pilots Union v. NLRB, 351 F.2d 771 (D.C.Cir. 1965); Pharmacists, Local 330 v. Lake Hills Drug Co., 255 F.Supp. 910 (W.D.Wash. 1964) (dictum). We, however, agree with the Second Circuit that Congress, by eliminating supervisory employees from the bargaining and organizational protection of subchapter II, did not intend to deprive members of "supervisory unions" of the rights secured by section 301. E. g., National Marine Eng'rs Beneficial Ass'n v. Globe Seaways, Inc., 451 F.2d 1159, 1160 n. 1 (2d Cir. 1971); United States v. National Marine Eng'rs Beneficial Ass'n, 294 F.2d 385 (2d Cir. 1961); Isbrandtsen Co. v. District 2, Marine Eng'rs Beneficial Ass'n, 256 F.Supp. 68 (E.D. N.Y.1966); *see* United States v. National Marine Eng'rs Beneficial Ass'n, 292 F.2d 190, 192 (2d Cir. 1961). We thus conclude that the complaint stated a claim within the District Court's jurisdiction.

■■■ The above notwithstanding, the decision below cannot stand. Examining the entire record, we find no evidence that the union "unfairly represented" Dente in a manner for which compensation is available under Vaca v. Sipes, *supra*. We can perceive no union conduct that was performed in bad faith or that could be characterized as arbitrary or discriminatory. 386 U.S. at 190, 87 S.Ct. 903. The worst that can be said of the union's conduct is that it was negligent, and this of course is not enough.[3] For whatever can be said of the union's delay in processing the grievance and moving to arbitration, it was not that kind of "arbitrary abuse" giving rise to damages under section 301.[4] *Id.* at 193, 87 S.Ct. 903.

The judgment is reversed and, upon remand, the complaint will be dismissed.

Reversed and remanded, with directions.

BROWNING, Circuit Judge (concurring in the result):

It is unnecessary to decide whether section 301(a) extends to suits for violation of a contract between an employer and an organization representing supervisory personnel, a problem more difficult for me than the opinion of the court would suggest. It is also unnecessary to decide the extent to which the statutory duty of fair representation bars conduct that might be characterized as negligent in traditional tort law; certainly the duty may be breached by conduct nei-

3. This, in effect, was the holding in Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 17 L. Ed.2d 842 (1967), and the Supreme Court upheld that construction of *Vaca* in a later case, Motor Coach Employees v. Lockridge, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971). There the Court, citing *Vaca*, again found that "arbitrary or bad-faith conduct on the part of the Union" must be proved, and further held there must be "substantial evidence of fraud, deceitful action or dishonest conduct." *Id.* at 299, 91 S.Ct. at 1924. Certainly, "fraud, deceitful action or dishonest conduct" cannot be equated with any concept of mere negligence.

4. The appellee argues that he has a separate ground for his claim against the union, based upon the union's alleged breach of the collective bargaining agreement. That agreement provides that grievances shall be settled "promptly". The right of an employee to sue his union under section 301(a) is limited to those cases wherein there has been a breach of duty of fair representation by the union. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Note, Individual Control Over Personal Grievances Under Vaca v. Sipes, 77 Yale L.Rev. 559, 560 (1968). Collective bargaining agreements are unique in nature, and the current limitations on the employee's right to sue under section 301(a) are not so restrictive as substantially to impair his protective remedies. *See* Shulman, Reason, Contract and Law in Labor Relations, 68 Harv.L.Rev. 999, 1004–1005 (1955); Cox, The Legal Nature of Collective Bargaining Agreements, 57 Mich.L.Rev. 1 (1958); Blumrosen, Legal Protection For Critical Job Interests: Union-Management Authority Versus Employee Autonomy, 13 Rutgers L.Rev. 631, 653–57 (1959).

ther hostile nor malicious. Vaca v. Sipes, 386 U.S. 171, 191, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Retana v. Local 14, Elevator Operators, 453 F.2d 1018, 1023 n. 8, 1024 n. 10 (9th Cir. 1972). The judgment should be reversed, but upon other grounds.

1. There was no breach of a federal duty of fair representation. This federal duty is a concomitant of the right of exclusive representation conferred by section 9(a) of the National Labor Relations Act; no other source of the duty has been suggested. *See, e. g.,* Ford Motor Co. v. Huffman, 345 U.S. 330, 337, 73 S.Ct. 681, 97 L.Ed. 1048 (1953); Vaca v. Sipes, *supra,* 386 U.S. at 177, 87 S.Ct. 903, 17 L.Ed.2d 842; Retana v. Local 14, Elevator Operators, *supra,* 453 F.2d at 1021–1022; Richardson v. Communications Workers of America, 443 F.2d 974, 980 (8th Cir. 1971). But the appellant union was not granted exclusive bargaining power by section 9(a). Section 9(a) grants such power only to "representatives designated or selected for the purposes of collective bargaining by the majority of *employees*" (emphasis added). The members of appellant union are not "employees" for the purposes of *secton* 9(a); they are all supervisors. *Cf.* Hanna Mining Co. v. MEBA, 382 U.S. 181, 188–189, 86 S.Ct. 327, 15 L.Ed.2d 254 (1965). Since no duty of fair representation is imposed upon appellant union by federal law, any duty with regard to representation owed to appellee by appellant union must be based upon state law and, absent an independent ground for federal jurisdiction, could be enforced only in state courts.

2. Even if a federal action would be maintainable against appellant union under section 301(a) for simple breach of the collective bargaining agreement, as distinguished from breach of a federal duty of fair representation, no such breach was shown. The collective bargaining agreement only required the Licensed Personnel Board to meet prompt-

ly to consider grievances; no provision of the agreement imposed a duty upon the union to present grievances promptly to the Board.