John A. MANGIAGUERRA, Plaintiff,

v.

D & L TRANSPORT, INC., an Illinois Corporation and Truck Drivers, Oil Drivers, Filling Station and Platform Workers' Union, Local No. 705, an Affiliate of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, an unincorporated association, Defendants.

No. 75 C 1084.

United States District Court,
N. D. Illinois, E. D.

Feb. 23, 1976.

Edward Parsons, Chicago, Ill., for plaintiff.

Lawrence I. Kipperman and James S. Whitehead, Chicago, Ill., for defendants; Sidley & Austin, Sherman Carmell and Stuart H. Brody, Carmell & Charone, Ltd., Chicago, Ill., of counsel.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff, John A. Mangiaguerra, brought this action for damages and equitable relief for violation of a collective bargaining agreement and for breach of the duty of fair representation. Defendant, D & L Transport, Inc. (hereinafter "Employer"), and defendant, Truck Drivers, Oil Drivers, Filling Station and Platform Workers' Union Local 705, (hereinafter "Union") have filed motions for summary judgment.

Plaintiff, a member of the defendant, Union, was employed as a truck driver by defendant, Employer, on or about June 5, 1973. On July 1, 1974, plaintiff

was dispatched to Detroit, Michigan. On July 2, after completing the trip to Detroit and on his way home, plaintiff called his home terminal to announce his estimated time of arrival. The parties differ as to whether plaintiff also announced his intention to take an eleven hour layover upon his arrival. When he did arrive, plaintiff refused another load assignment, claiming his right to the layover. Thereupon, he was discharged from employment on July 3, 1974, pursuant to a company rule which states that refusal to take a load is a "voluntary quit."

Plaintiff wrote a letter to defendant, Union, and filed a grievance against defendant, Employer. Plaintiff was represented in the grievance proceeding by James Angus, his union representative. An initial "first-step hearing," prior to convocation of a Grievance Board, was held and failed to resolve the grievance. The issue was then referred to a Six Man Grievance Board, composed of three representatives of the Employer and three representatives of the Union. This joint board upheld the discharge. Plaintiff appealed to the Joint Council, No. 25, of the International Brotherhood of Teamsters, which refused his appeal, and to the General President of the International Brotherhood of Teamsters, who refused to reverse the Board's decision.

Plaintiff thereafter brought this action, alleging that defendant, Employer, breached the collective bargaining agreement by discharging him, and that defendant, Union, breached its duty of fair representation by failing to take certain actions in the course of the grievance proceedings.

 Federal courts have refused to review substantive decisions of joint boards unless the union has breached its duty of fair representation. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Such a breach occurs when the union's conduct is arbitrary or discriminatory or where the union acts in bad faith. It is not enough that the representation is incompetent or

that the union representative is guilty of poor judgment, laxity or negligence. *Dente v. Masters, Mates & Pilots*, 492 F.2d 10 (9th Cir. 1973) *cert. denied*, 417 U.S. 910, 94 S.Ct. 2607, 41 L.Ed.2d 214 (1974); *Griffin v. International Union, U.A.W.*, 469 F.2d 181 (4th Cir. 1972). In ruling on defendants' motions for summary judgment, therefore, the question is whether the affidavits and other materials submitted in support of and in opposition to the motions contain evidence that the union discriminated against plaintiff, treated him arbitrarily or otherwise acted toward him in bad faith.

 The plaintiff claims that James Angus, his union representative, was derelict in a number of respects. Angus admits that he did not speak to the night dispatcher who received the telephone call from plaintiff. Plaintiff also claims that at the Board hearing Angus was virtually silent. According to plaintiff, Angus failed to inform the Board that plaintiff had, upon arrival at his home terminal, informed his employer that he was fatigued. Plaintiff also complained that Angus did not confer with him adequately prior to the hearing and failed to object to certain hearsay evidence presented at the hearing.

These omissions on the part of Angus may or may not have been negligence, but they do not of themselves demonstrate bad faith. If plaintiff is to prove that these omissions were the result of bad faith or discrimination, he would need to present additional evidence. From the materials submitted in connection with the pending motions, it appears that no such evidence exists. Plaintiff points out in a memorandum that he has been a member of T.R.U.T.H., an organization which has been openly critical of the Union. He states that his membership in this group is well known. Assuming these statements to be true, we still do not find the necessary evidence of bad faith. There is no showing that Angus knew anything about the plaintiff's participation in T.R.U.T.H. or that, if he did know about it, such knowledge

had any relationship to the manner in which he handled plaintiff's case. The Court may, of course, draw reasonable inferences and may take those inferences into account in ruling on a motion for summary judgment. Here, however, the evidentiary basis for the inference is missing. The Court would simply have to guess that Angus was motivated by resentment over plaintiff's activities in T.R.U.T.H.

The motions of both defendants will be granted and judgment will be entered in favor of the defendants against the plaintiff.