87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LABORERS INT'L UNION OF NORTH AMERICA, LOCAL 89, AFL-CIO,
Plaintiff-Appellee,
v.
PATRICK MEDIA GROUP, INC., Defendant-Appellant.
 No. 95-55242.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1996.
Decided June 6, 1996.
 
 Before: WIGGINS, THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 BACKGROUND
 
 2
 Patrick Media Group, Inc. (Patrick Media), appeals the district court's order compelling arbitration and denying Patrick Media's motion for summary judgment. We have jurisdiction over this timely appeal from the final decision of the district court pursuant to 28 U.S.C. § 1291.
 
 
 3
 Laborers International Union of North America, Local 89, AFL-CIO (Local 89), represented Rob Troxler after he was fired from his job as a working foreman with Patrick Media. Pursuant to the terms of the collective bargaining agreement (CBA) between Local 89 and Patrick Media, Local 89 requested arbitration of Troxler's grievance. Patrick Media refused on the basis that Troxler was a supervisor, and thus was not covered by the CBA.
 
 
 4
 After Patrick Media refused to comply with the request for arbitration, Local 89 filed a complaint in the district court and moved to compel arbitration. Patrick Media moved for summary judgment.
 
 
 5
 The district court based its jurisdiction on section 301(a) of the National Labor Relations Act (Act), 29 U.S.C. § 185(a). After hearing arguments on the motions, the district court granted Local 89's motion to compel arbitration and denied Patrick Media's motion for summary judgment. Patrick Media appeals.
 
 
 6
 We review four issues. First, we determine whether the district court had jurisdiction over the matter under section 301(a) of the Act. We also consider whether section 14(a) of the Act precluded Local 89 from bringing a suit on behalf of an alleged supervisor. 29 U.S.C. § 164(a). Next, we review whether, as a matter of law, the district court properly compelled arbitration when it was not clear whether (1) Troxler was covered by the arbitration clause and (2) the grievance was timely filed. Finally, we consider whether Local 89 should be awarded attorney fees under Federal Rule of Appellate Procedure 38 for having to defend against a frivolous appeal.
 
 DISCUSSION
 A. Jurisdiction
 
 7
 We review de novo a district court's assumption of jurisdiction. United States v. Vasquez-Velasco, 15 F.3d 833, 838-39 (9th Cir.1994).
 
 
 8
 Patrick Media contends the district court lacked jurisdiction because the union's complaint seeks arbitration of a dispute involving a supervisor, and supervisors are not "employees" within the meaning of section 2(3) of the Act. 29 U.S.C. § 152(3).
 
 
 9
 Section 301(a) of the Act enables a "labor organization representing employees" to bring suits in district courts. 29 U.S.C. § 185(a). However, the term "employee" is defined in section 2(3) as excluding "any individual employed as a supervisor." 29 U.S.C. § 152(3). Furthermore, section 14(a) ensures that "[n]o employer subject to this Act shall be compelled to deem ... supervisors as employees." 29 U.S.C. § 164(a).
 
 
 10
 The Supreme Court has held that section 14(a) does not prevent employers from entering into agreements covering supervisors. NLRB v. News Syndicate Co., 365 U.S. 695, 699 n. 2 (1961). Moreover, when unions composed entirely of supervisors have brought suit under section 301(a), we have rejected a "mechanical" interpretation of the Act which would deny federal courts jurisdiction because supervisors are not "employees." Dente v. Int'l Org. of Master, Mates, & Pilots, Local 90, 492 F.2d 10, 12 (9th Cir.), cert. denied, 417 U.S. 910 (1974), see also, Dist. 2 Marine Eng'rs Beneficial Assoc. Maritime Officers, AFL-CIO v. Grand Bassa Tankers, Inc., 663 F.2d 392, 398-9 n. 6 (2nd Cir.1981) (reviewing the legislative history of section 2(3) and concluding that "there is no evidence that Congress intended the definitions contained in section 2(3) to be the criteria for the existence of federal jurisdiction under section 301(a)"); United Steelworkers of America, AFL-CIO-CLC v. Ind. & Mich. Elec. Co., 483 F.Supp. 330, 332 (S.D.W.Va.1977) (union representing 53 supervisors and 38 employees could bring an action under section 301(a)).
 
 
 11
 We conclude the district court had jurisdiction over Local 89's suit pursuant to section 301(a), because the suit was for the alleged violation of the collective bargaining agreement between Local 89 and Patrick Media. 29 U.S.C. § 185(a).
 
 B. Statutory Exclusion of Supervisors
 
 12
 Patrick Media contends Troxler is a supervisor who is statutorily excepted by section 14(a) of the Act from the collective bargaining agreement.
 
 
 13
 The interpretation of a statute is a question of law we review de novo. Braun v. INS, 992 F.2d 1016, 1018 (9th Cir.1993).
 
 
 14
 Section 14(a) provides that "no employer ... shall be compelled to deem ... supervisors as employees for the purpose of any law, either national or local, relating to collective bargaining." 29 U.S.C. § 164(a). The Supreme Court has interpreted this section of the Act to mean that while employers will not be forced to bargain with supervisors, employers may voluntarily chose to do so. News Syndicate, 365 U.S. at 699 n. 2. We have also held that the language in section 14(a) "does not preclude the petitioner and the union from entering into an agreement covering the supervisor if they chose to do so." Sakrete of N. Cal., Inc. v. NLRB, 332 F.2d 902, 908 (9th Cir.), cert. denied, 379 U.S. 961 (1965).
 
 
 15
 Patrick Media incorrectly asserts that, as a matter of law, section 14(a) precludes supervisors from being covered by a collective bargaining agreement. Section 14(a) allows Patrick Media to refuse to cover supervisors, but does not, as a matter of law, prevent Patrick Media from including supervisors, or working foremen, in the CBA. Whether Troxler, a working foreman, is a supervisor and whether he is covered by the CBA must be determined by interpretation of that document. See Local Union 89, Int'l Bhd. of Elec. Workers, AFL-CIO v. Gen. Tel. Co. of Northwest, 431 F.2d 957, 959 (9th Cir.1970).
 
 C. Scope of the Arbitration Clause
 
 16
 The decision of a district court to refer a dispute to arbitration is a question of law we review de novo. Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985). "Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). The scope of an arbitration clause is reviewed de novo. Dennis L. Christensen Gen. Building Contractor, Inc. v. Gen. Bldg. Contractor, Inc., 952 F.2d 1073, 1076 (9th Cir.1991).
 
 
 17
 When a contract has an arbitration clause, there is a presumption of arbitrability which is "particularly potent if the arbitration clause is broad." Dennis L. Christensen, 952 F.2d at 1077 (citing Westinghouse Hanford Co. v. Hanford Atomic Metal Trades Council, 940 F.2d 513, 518-19 (9th Cir.1991)). In light of this presumption, a federal court will grant arbitration " 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' " Westinghouse, 940 F.2d at 518 (quoting Steelworkers, 363 U.S. at 582-83.)
 
 
 18
 Here, the arbitration clause in the CBA is extremely broad. The CBA gives the arbitrator the power to resolve "all grievances or disputes arising ... over the interpretation or application" of the CBA. In a case such as this, where the parties have a broad arbitration agreement, "only an express exclusion of a particular grievance or 'the most forceful evidence of a purpose to exclude the claim' from arbitration will avoid referral of a dispute to arbitration." Id. (quoting AT & T Technologies, 475 U.S. at 650). The only express exclusion in the CBA is found in the provision defining the jurisdiction of Local 89. That provision excludes electrical, painting, and bill-posting operations from Local 89's jurisdiction. As a working foreman, however, Troxler was responsible for personnel included within Local 89's jurisdiction (construction departments), as well as personnel excluded from its jurisdiction (paint and electrical departments).
 
 
 19
 Patrick Media argues there is an express exclusion in another provision of the CBA. The Wages provision lists the pay scales for four positions, but working foremen are not listed. Patrick Media contends that unlisted positions were not intended to be covered by the agreement. However, the lack of a reference to a working foreman is neither an express exclusion, nor "the most forceful evidence of a purpose to exclude."
 
 
 20
 In the absence of any express exclusion, and in light of the broad arbitration clause, it cannot be said with positive assurance that the CBA excludes Troxler from coverage.
 
 D. Timeliness of the Grievance
 
 21
 Without regard to whether Troxler might be covered by the CBA, Patrick Media contends Local 89 failed to file a timely grievance. This may be correct, but whether it is or not is a matter for the arbitrator to decide. " '[W]hen time limitations and other procedural requirements are made an express part of the arbitration agreement, they become part of the bundle of issues the parties consented to have decided by an arbitrator's special interpretative ability.' " Goss Golden West Sheet Metal, Inc. v. Sheet Metal Workers Int'l Union, Local 104, 933 F.2d 759, 764 (9th Cir.1991) (quoting Retail Delivery Drivers, Local 588 v. Servomation Corp., 717 F.2d 475, 478 (9th Cir.1983)).
 
 
 22
 The CBA between Patrick Media and Local 89 establishes time limits for filing arbitration claims, but does not exclude issues of timeliness from issues to be determined by the arbitrator. Because the CBA does not contain explicit language excluding timeliness as an issue to be determined by the arbitrator, the issue of timeliness is arbitrable. Id.
 
 E. Attorney Fees
 
 23
 Patrick Media's arguments on appeal are weak, but we cannot say they are frivolous within the meaning of Federal Rule of Appellate Procedure 38. Accordingly, Local 89's request for attorney fees on appeal is denied.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3