**Georgerette McNAIR, Plaintiff,**

v.

**NYC HEALTH & HOSPITAL CO., NYC Civil Service Commission, NYC Dept. of Personnel, NYC Health & Hospital Corp., Local 371 Social Service, N.Y. State Division of Human Rights, Defendants.**

**No. 99 Civ. 10681(MBM).**

United States District Court,
S.D. New York.

April 9, 2001.

---

Georgerette McNair, Rochdale Village, NY, Plaintiff, pro se.

Michael Tiliakos, Assistant Corporation Counsel, New York City, for Municipal Defendants.

Drew Donner, Joel Spivak, Mirkin & Gordon, P.C., Great Neck, NY, for Defendant Local 371.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff *pro se* Georgerette McNair sues the New York City Health and Hospitals Corporation, Metropolitan Hospital, New York City Civil Service Commission, New York City Department of Personnel (together, the "City Defendants") and Social Service Employees Union Local 371 (the "Union"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1994) ("Title VII"). McNair alleges also that the Union breached its duty of fair representation under 29 U.S.C. § 185(a) (1994). The City Defendants move for a judgment on the pleadings under Fed.R.Civ.P. 12(c). The Union moves to dismiss under Fed. R.Civ.P. 12(b)(1) and (b)(6). For the reasons stated below, defendants' motions are granted.

### I.

On or about August 19, 1992, McNair filed a complaint against the City Defendants with the New York State Division of Human Rights ("SDHR") and the United States Equal Employment Opportunity Commission ("EEOC"). In those complaints, McNair alleged that the City Defendants retaliated against her for filing prior complaints with the SDHR, and that this retaliation took the form of poor performance ratings for her work at Metropolitan Hospital. (Tiliakos Decl., Ex. A) On or about December 23, 1998, the

SDHR issued a Determination and Order After Investigation, in which it found that there was no probable cause to believe the allegations McNair's August 19, 1992 complaint. (*Id.*, Ex. B) On June 8, 1999, EEOC adopted the SDHR's findings with respect to McNair's retaliation claim and issued McNair a right-to-sue letter with respect to the City Defendants. (*Id.*, Ex. C)

McNair commenced this action against the City Defendants and the Union on September 2, 1999. The facts supporting McNair's claim are set forth in paragraph eight of the complaint, which provides in full:

> I feel that the five listed defendants used unlawful discriminated [sic] practices relating to me and my employment. I was terminated from my job Dec. 1994.

(Compl.¶ 8). The complaint also indicates that defendants' retaliation formed the basis of McNair's discrimination claim. (*Id.* ¶ 4) McNair supplemented the allegations in her complaint in a May 26, 2000 letter, which describes in more detail how the City Defendants treated her unfairly and fired her because of her race. The letter also alleges that the Union failed to represent McNair properly in processing her grievances against the City Defendants.

### II.

The City Defendants move to dismiss McNair's complaint under Fed.R.Civ.P. 12(c), which provides for judgment on the pleadings "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir.1988). The Rule 12(c) standard is the same as that applied under Rule 12(b)(6). *See Sheppard v. Beerman*, 18 F.3d 147,

150 (2d Cir.1994). Accordingly, a court should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Sheppard,* 18 F.3d at 150.

■■ Here, the City Defendants argue that they are entitled to a judgment on the pleadings because McNair's claim is not "reasonably related" to that alleged in her EEOC complaint. *See Butts v. City of New York Dep't of Housing Pres. and Dev.,* 990 F.2d 1397, 1401 (2d Cir.1993) ("A district court only has jurisdiction to hear Title VII claims that are either included in the EEOC charge or are based on conduct subsequent to the EEOC charge which is reasonably related to that alleged in the EEOC charge.") Specifically, the City Defendants argue that although McNair's SDHR complaint set forth a retaliation claim, her complaint with this court alleges unrelated racial and sexual discrimination claims. I disagree. McNair, as a *pro se* litigant, is entitled to have her complaint construed liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652, (1972). Based on a generous reading of the complaint and supplemental papers, it does not appear that McNair has raised a claim different from the one in her EEOC complaint. Although McNair alleges some facts which arguably are unrelated to proving her retaliation claim, her complaint indicates quite clearly that her claim is based on defendants' retaliatory conduct—the same conduct alleged in her EEOC charge. (Compl.¶ 4)

■ The City Defendants argue also that they are entitled to relief under Rule 12(c) because McNair has failed to state a claim. To state a claim for retaliation under Title VII, a plaintiff must allege that: (1) she was engaged in an activity protected under Title VII; (2) defendants were aware of plaintiff's participation in the protected activity; (3) plaintiff suffered an adverse employment action; and (4) there was a causal connection between the adverse employment action and the protected activity. *See Malarkey v. Texaco, Inc.,* 983 F.2d 1204, 1213 (2d Cir.1993).

■ Here, McNair has alleged facts sufficient to satisfy the first three elements of her retaliation claim. However, McNair has failed to allege a causal connection between her protected activity and the alleged retaliatory action. In order to establish this causal connection, a plaintiff must allege (1) direct proof of retaliatory animus directed against the plaintiff; (2) disparate treatment of similarly situated employees; or (3) that the retaliatory action occurred close in time to the protected activities. *DeCintio v. Westchester County Medical Center,* 821 F.2d 111, 115 (2d Cir.1987).

Construing the complaint liberally, and construing McNair's opposition papers as part of her complaint,[1] McNair fails to allege any facts sufficient to support a finding of a causal connection. First, McNair has alleged no direct evidence of defendants' retaliatory animus towards her. Second, McNair has failed to allege any disparate treatment of any similarly situated employees. Third, McNair has failed to allege any facts to support an inference that the alleged retaliatory conduct occurred close in time to her protected activities. In fact, most of the retaliatory conduct alleged by McNair occurred

---

1. *See Gill v. Mooney,* 824 F.2d 192, 195 (2d Cir.1987) (considering *pro se* plaintiff's affidavit submitted in opposition to defendant's motion to dismiss); *Donahue v. United States,* 751 F.Supp. 45, 49 (S.D.N.Y.1990) ("The Court's duty to adopt a generous attitude when evaluating a pro se complaint supports the Court's decision to consider the allegations in the [plaintiffs'] opposition papers.").

*before* the date of her protected activity, which was the filing of a complaint with the SDHR on April 3, 1991. The first allegation arguably relating to retaliatory conduct after April 3, 1991 occurred in February, 1994, in connection with a warning notice sent to McNair regarding the misappropriation of hospital property. (Pl. Mem. at 7) However, this conduct, occurring almost three years after the date of McNair's protected activity, is too far removed from McNair's protected activities to support an inference of a causal connection under Title VII. Accordingly, the City Defendants' motion for a judgment on the pleadings is granted.

### III.

■ As discussed, McNair also names the Union as a defendant in her Title VII claim. However, McNair never obtained an EEOC right-to-sue letter with respect to the Union. The June 8, 1999 right-to-sue letter issued by the EEOC pertained only to the City Defendants. Because the receipt of a right-to-sue letter is a necessary prerequisite to bringing a legal action, *see* 42 U.S.C. §§ 2000e–5(1) and (f)(1), this court lacks jurisdiction to hear McNair's Title VII claim against the Union. *See Sheehan v. Purolator Courier Corp.*, 676 F.2d 877, 887 (2d Cir.1981) ("[I]t is undisputed that a right to sue letter is a jurisdictional prerequisite to a suit seeking adjudication of the merits of a Title VII claim."); *Hall v. N.Y. State Dep't of Envtl. Conservation*, 726 F.Supp. 386 (N.D.N.Y. 1989) (holding that court lacked jurisdiction over plaintiff's Title VII claim notwithstanding plaintiff's receipt of right-to-sue letter with respect to other defendants).

However, McNair appears to state an additional claim against the Union apart from her Title VII claim. McNair's May 26, 2000 letter alleges that the Union breached its duty of fair representation by failing to properly process McNair's grievances against the City Defendants. The Union moves to dismiss this claim as well, arguing (1) that McNair has failed to state a claim, and (2) that McNair's claim is time-barred.

■ To state a claim against a union for breach of its duty of fair representation, a plaintiff must allege facts that show either arbitrary, discriminatory or bad faith conduct on the part of the union. *See Air Line Pilots Assoc., Int'l v. O'Neill*, 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991). Here, McNair has failed to allege facts to support any such conduct on the part of the Union. For example, McNair alleges that the Union "mishandled" her case, that "local delegates were not experienced or properly trained," and that "the attorney assigned did not properly prepare the case." (May 26, 2000 Letter) At best, these allegations support only an inference of negligence, which is insufficient to show a breach of the Union's duty of fair representation. *See Dente v. Int'l Org. of Masters, Mates & P., Loc. 90*, 492 F.2d 10, 12 (9th Cir.1973); *Bazarte v. United Transp. Union*, 429 F.2d 868, 872 (3d Cir.1970).

Even assuming, *arguendo*, that McNair had stated a breach of duty claim, this claim is time-barred by the six-month limitations period set forth in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 172, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The allegations relating to the Union's breach of its duty occurred in 1994 and before. McNair did not commence this action until September 2, 1999—more than four years after her claim accrued. *See Santos v. District Council*, 619 F.2d 963, 969 (2d Cir.1980) ("cause of action accrue[s] no later than the time when plaintiffs knew or reasonably should have known that such a breach [of the duty of fair representation] oc-

curred"). Accordingly, McNair's claim against the Union for breach of its' duty of fair representation is time-barred.

\* \* \* \* \* \*

For the reasons set forth above, the City Defendants motion for a judgment on the pleadings under Fed.R.Civ.P. 12(c) is granted; the Union's motion to dismiss under Fed.R.Civ.P. 12(b)(1) and (b)(6) also is granted.

SO ORDERED.