**Linda K. HADLEY, Plaintiff—Appellant,**

v.

**HAWAII GOVERNMENT EMPLOYEES' ASSOCIATION, AFSCME Local 152, AFL–CIO; Defendants—Appellees.**

No. 06–15642.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2008.

Filed June 2, 2008.

Steven R. Geshell, Honolulu, HI, for Plaintiff.

Charles A. Price, James E.T. Koshiba, Koshiba Agena & Kubota, Jeffrey A. Keating, Department of the Attorney General, Honolulu, HI, for Defendants.

Before: RYMER, RAWLINSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Appellant Linda K. Hadley (Hadley) appeals the district court's dismissal of her hybrid action against the Hawaii Government Employees' Association and the State of Hawaii, Department of Human Services, for lack of subject-matter jurisdiction.

The outcome of this appeal is controlled by *Ayres v. International Brotherhood of Electrical Workers*, 666 F.2d 441 (9th Cir. 1982). Because Hadley's employer is a political subdivision of the state of Hawaii for purposes of the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 152, 185; Haw.Rev.Stat. § 26–4 (establishing the Department of Human Services); *NLRB v. Natural Gas Util. Dist. of Hawkins County, Tennessee*, 402 U.S. 600, 604–05, 91 S.Ct. 1746, 29 L.Ed.2d 206 (1971) (defining political subdivisions), the district court lacked subject-matter jurisdiction over Hadley's hybrid action. *See Ayres*, 666 F.2d at 444.

Because the district court lacked original subject-matter jurisdiction over Hadley's hybrid action, no basis existed for the exercise of supplemental jurisdiction over her state law claim. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir.2001). Nor was the dis-

trict court authorized to transfer the claim to the state courts of Hawaii under 28 U.S.C. § 1631, which provides for the transfer of actions only between federal courts. *See* 28 U.S.C. § 610.

Hadley's constitutional challenges to the LMRA were not preserved. *See Weber v. Dept. of Veterans Affairs*, 521 F.3d 1061, 1063–64 (9th Cir.2008), *as amended.* In any event, her challenges are not meritorious. "[T]he right of access to the courts is not absolute." *Wilbur v. Locke*, 423 F.3d 1101, 1116 (9th Cir.2005) (citation omitted). "Jurisdiction of the lower federal courts is . . . limited to those subjects encompassed within a statutory grant of jurisdiction." *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1022 (9th Cir.2007) (citation omitted). Moreover, because Hadley could have brought her claim in state court, *see Poe v. Hawaii Labor Relations Bd.*, 105 Hawai'i 97, 102, 94 P.3d 652 (2004), she has not been denied access to the courts. Hadley cannot prevail on her substantive due process or equal protection claims because she has failed to "negative every conceivable basis which might support [the rationality of the statutory classification]." *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1280 (9th Cir.2004) (citation omitted).

Finally, because Hadley has not prevailed on appeal, her request for attorney's fees on appeal is denied. *See Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1192 (9th Cir.1996).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.