NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERNADETTE ALCOZAR-MURPHY, | No. 17-16224 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-02390-DCB |
| v. | |
| ASARCO LLC, a corporation licensed to conduct business in the State of Arizona; UNITED STEEL WORKERS OF AMERICA KEARNEY LOCAL #5252, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted November 15, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,** District Judge.

Bernadette Alcozar-Murphy appeals the district court's grant of summary

judgment on her claims under the Family and Medical Leave Act ("FMLA") and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

the Arizona Employment Protection Act ("AEPA") against her former employer, ASARCO, LLC. She also appeals the judgment on her hybrid claim under § 301 of the Labor Management Relations Act ("LMRA") against her union, United Steel Workers of America Kearney Local #5252. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Liu v. Amway Corp.*, 347 F.3d 1125, 1131 (9th Cir. 2003), and we affirm.

The district court properly granted summary judgment on the interference claim under the FMLA. *See* 29 U.S.C. § 2615(a)(1). Alcozar-Murphy did not establish a triable issue of material fact as to whether the FMLA leave she took was impermissibly considered in her termination. *See Liu*, 347 F.3d at 1136. She does not point to any evidence in support of this conclusion. Moreover, the minimal delay suffered by Alcozar-Murphy did not amount to a violation of her right to reinstatement following FMLA leave. *See* 29 C.F.R. § 825.214.

The district court properly granted summary judgment on the retaliation claims under the FMLA and the AEPA, Ariz. Rev. Stat. § 23-1501, because she failed to establish pretext. *See* 29 U.S.C. § 2615(a)(2) & (b) (prohibiting retaliation against employee for opposing FMLA violation or filing charge regarding FMLA violation); *Galati v. Am. West Airlines, Inc.*, 69 P.3d 1011, 1014 (Ariz. App. 2003). The district court did not err in concluding that Alcozar-Murphy failed to establish a triable issue whether ASARCO's proffered reason for her termination—her unauthorized alteration of her time record to include the two

2

hours she spent meeting with the union president—was pretextual. *See Sanders v. City of Newport*, 657 F.3d 772, 777 & n.3 (9th Cir. 2011) (discussing application of *McDonnell Douglas* burden-shifting framework to FMLA retaliation claim). Given Alcozar-Murphy's intervening alteration of the time record, the close timing of her protected activity and her firing was not probative circumstantial evidence of pretext. Alcozar-Murphy's speculation about improprieties in ASARCO's treatment of other workers who used FMLA leave also does not establish a genuine issue of material fact as to her claim.

The district court correctly granted summary judgment in favor of the union on Alcozar-Murphy's hybrid fair representation/§ 301 claim. The union appropriately exercised its judgment in deciding to focus on contract renegotiation with ASARCO rather than individual grievances and therefore did not engage in arbitrary conduct toward Alcozar-Murphy in violation of its duty of fair representation when arbitration of a grievance regarding her termination was delayed. *See Dente v. Int'l Org. of Masters, Mates & Pilots, Local 90*, 492 F.2d 10, 11-12 (9th Cir. 1973). Further, Alcozar-Murphy does not address the additional requirement of showing that ASARCO violated its collective bargaining agreement with the union. *See Rollins v. Cmty. Hosp. of San Bernardino*, 839 F.3d 1181, 1185-86 (9th Cir. 2016).

**AFFIRMED.**

3