593 F.2d 899
 101 L.R.R.M. (BNA) 2052, 85 Lab.Cas. P 11,222
 Lawrence R. FRANKLIN, Plaintiff-Appellant,
v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, United
Transportation Union, United Transportation Union
Local 240, and J. L. Thornton,
Defendants-Appellees.
 No. 77-1175.
 United States Court of Appeals,
Ninth Circuit.
 March 26, 1979.
 
 Alan H. Cassman (argued) of Cassman & Lachina, Inc., Los Angeles, Cal., for plaintiff-appellant.
 Robert S. Bogason, San Francisco, Cal., William F. Adams (argued), San Francisco, Cal., Ray Thomas (argued), San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before TRASK and WALLACE, Circuit Judges, and SOLOMON*, District Judge.
 PER CURIAM.
 
 
 1
 Franklin filed an action against Southern Pacific Transportation Company for wrongful discharge and against the national and a local of the United Transportation Union and a local officer for breach of the duty of fair representation (DFR). On motions for summary judgment, the district court dismissed Franklin's action against all defendants.
 
 
 2
 We affirm.
 
 
 3
 Franklin was employed by Southern Pacific beginning in 1959. In 1963, he became ill with hypoglycemia and went on sick leave. His sick leave was extended periodically for about 10 years. In October 1972, Southern Pacific, believing that Franklin was absent without leave, wrote to Franklin to tell him that an investigative hearing of his case had been scheduled for November 17, 1972. Franklin did not receive the notice because he had changed his address without notifying either Southern Pacific or his union. Letters addressed to him were returned. At a hearing it was determined that Franklin was absent without leave, and Southern Pacific therefore discharged him.
 
 
 4
 In November 1973, Franklin first learned of his discharge. He filed a grievance immediately. Under the collective bargaining agreement between the railroad and the union, the grievance was time barred. For several months the union attempted to get the railroad to reinstate him, but the railroad refused.
 
 
 5
 In May 1975, Franklin brought this action in district court. He alleged that he was wrongfully discharged by the railroad and that the union and one of its officers breached their duty of fair representation.
 
 
 6
 In August 1975, the railroad reinstated Franklin as a matter of leniency. He was given his full seniority, but no back pay. The union persuaded the railroad to submit the lost wages dispute to arbitration by a statutory Special Adjustment Board (the Board). The Board decided that Franklin had been wrongfully discharged and awarded Franklin all of his lost wages except for the period November 1973 to May 1974. They disallowed his wages for that six month period because he failed to keep Southern Pacific informed of his medical condition and his current address during that time.
 
 
 7
 Franklin nevertheless continued to prosecute this action. He contended that the district court had jurisdiction over his claim against the railroad and that the arbitration award was not binding on him. He also contended that the manner in which the union handled his grievance amounted to a breach of its duty of fair representation.
 
 
 8
 On defendants' motion for summary judgment, the district court found that the record disclosed no genuine issue of fact on either of Franklin's claims and that the defendants were entitled to summary judgment. We agree.
 
 
 9
 Adjustment boards were established by the Railway Labor Act. 45 U.S.C. § 151 et seq. Normally they have exclusive jurisdiction over claims for lost wages, Andrews v. Nashville & Louisville R. Co., 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), but there are exceptions. The Supreme Court in Glover v. St. Louis-San Francisco R. Co., 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969), recognized that an aggrieved employee has the right to bypass the adjustment board and bring a wrongful discharge action in district court when his union is guilty of a breach of the duty of fair representation. The employee retains that right even where his grievance has already been arbitrated. Margetta v. Pam Pam, 501 F.2d 179 (9th Cir. 1974).
 
 
 10
 Franklin is entitled to proceed with his action against the railroad only if he establishes a genuine issue of material fact on the issue of whether the union breached its duty of fair representation. Franklin was required to adduce evidence from which the district court could infer either hostility, arbitrariness, or bad faith in the union's representation of him. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1966).
 
 
 11
 Franklin contends that Thornton's letter to him and his attorney show hostility and bad faith. There is no merit in this contention or in his contention that the union's failure to present certain medical records to the Board shows bad faith and arbitrary representation. At most, such a failure would be negligence. Franklin's counsel conceded with commendable frankness that negligence does not amount to a breach of DFR. NLRB v. General Truck Drivers, 545 F.2d 1173 (9th Cir. 1976); Dente v. International Org. of Masters, 492 F.2d 10 (9th Cir. 1974).
 
 
 12
 The union filed affidavits of its officers setting out the efforts they made for Franklin. The facts set forth in the affidavits were not contradicted. The record did not disclose any genuine issue of fact on the charge of breach of duty of fair representation. The district court properly granted summary judgment to the union and its officer.
 
 
 13
 Absent a breach of duty of fair representation, the district court had no jurisdiction over Franklin's wrongful discharge claim. The district court correctly concluded that the Board had exclusive jurisdiction over Franklin's claim for lost wages and that the Board's award was final and binding on all parties.
 
 
 14
 Affirmed.
 
 
 
 *
 The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation