598 F.2d 558
 101 L.R.R.M. (BNA) 2621, 86 Lab.Cas. P 11,525
 Raymond NESS, Appellant,
v.
SAFEWAY STORES, INC., Wholesale Delivery Drivers' &
Salesmen's Union Local No. 848, International
Brotherhood of Teamsters, Chauffeurs,
Warehousemen & Helpers of
America, Appellees.
 No. 77-2906.
 United States Court of Appeals,
Ninth Circuit.
 June 13, 1979.
 
 Bradley R. Tabach-Bank (argued), Beverly Hills, Cal., for appellant.
 Ralph J. Scalzo of McLaughlin & Irwin, W. Neal Writer of Writer & Israel, Robert D. Vogel (argued), of Pappy Kaplon & Vogel, Los Angeles, Cal., for appellees.
 Appeal from the United States District Court for the Central District of California.
 Before TRASK, GOODWIN and SNEED, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond Ness appeals a summary judgment in favor of defendants Safeway Stores, Inc., and Wholesale Delivery Drivers' and Salesmen's Union Local No. 848. The district court held, on agreed facts, that the union had not breached its duty of fair representation under 29 U.S.C. § 185 and that Ness had waived the lack of a quorum of the adjustment board.
 
 
 2
 Ness was employed by Safeway as a truck driver from May 1966 until he was discharged in May 1975. At the time of his termination, Ness was covered by a collective bargaining agreement between Safeway and the union.
 
 
 3
 The collective bargaining agreement provides that when informal grievance procedures do not resolve a dispute over discharge of an employee, an adjustment board shall be convened. Article XVII(E) of the agreement outlines the procedure to be followed:
 
 
 4
 "Such Adjustment Board shall be composed of three representatives of the Union to be appointed by Joint Council of Teamsters No. 42 and three representatives of the Employer to be appointed by the Food Employers Council, Inc. * * * . The Union representatives shall be three persons, one each from three Local Unions other than the Local Union involved in the dispute and shall be persons who are regularly engaged in the negotiations and/or administration of Teamster-food industry collective bargaining agreements. The Company representatives on the Adjustment Board shall be three persons, one each from three companies in the wholesale grocery bargaining unit and shall be persons who are regularly engaged in the negotiation and/or administration of Teamster-food industry collective bargaining agreements.
 
 
 5
 "Meetings of the Adjustment Board shall be called by Joint Council No. 42 and the Food Employers Council, Inc., within seven (7) days after receiving written request from the grieving party, and the Adjustment Board shall make its decision known to the parties no later than the first working day following the conclusion of its meeting. The decision of a majority of the Adjustment Board upon the question in dispute shall be final and binding upon the parties hereto, provided that the Board shall not have the authority to change, alter, or modify any of the terms or provisions of this Agreement."
 
 
 6
 Informal procedures did not resolve the dispute. Therefore, the adjustment board convened on June 12, 1975. The three employer representatives appointed to the board were present; however, only two of the three union representatives were present. An unsuccessful attempt was made to locate the missing representative. Thereafter, the five adjustment board members present discussed the quorum problem with McCarthy, who was representing Safeway at the hearing, and with Muniz, who was representing both Ness and the Union. McCarthy, Muniz, and the five board members mutually agreed that the matter would proceed without continuance, but that the numerical disparity of the board would be corrected by giving each union representative one-and-one-half votes and each management representative one vote. While Ness was present during this discussion, the record does not reveal whether he objected or agreed to proceed with a short panel. After he lost the decision before the five, Ness timely filed his complaint against the union and Safeway, alleging that the union had violated its duty of fair representation under 29 U.S.C. § 185 by allowing the hearing to proceed without three union representatives.
 
 
 7
 Under 29 U.S.C. § 185, an employee may sue his union for breach of the duty of fair representation. An action for wrongful discharge also lies against the employer under § 185, but only when the union is found to have breached its duty. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Therefore, the central issue governing liability for both parties is whether the union's conduct in allowing the adjustment board hearing to proceed with one less union representative, but with equality of votes between union and management representatives, was a violation of the union's duty of fair representation.
 
 
 8
 " A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member * * * is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. at 190, 87 S.Ct. at 916. A showing of bad faith is not required, however; and a finding of arbitrary or perfunctory handling of an employee's grievance will be sufficient to show a violation of the union's duty. E. g., Robesky v. Qantax Empire Airways Ltd.,573 F.2d 1082, 1085-91 (9th Cir. 1978); Ruzicka v. General Motors Corp.,523 F.2d 306, 307-12 (6th Cir.), Rehearing denied, 528 F.2d 912 (1975). The union is accorded great latitude, however, in the handling of employee grievances, and the courts are hesitant to interfere with union decisions regarding the handling of employee grievances unless they show a reckless disregard for the rights of the individual employee. See Hines v. Anchor Motor Freight, Inc., 424 U.S. at 563-64, 96 S.Ct. at 1056, Quoting Ford Motor Co. v. Huffman, 345 U.S. 330, 338, 73 S.Ct. 681, 97 L.Ed. 1048 (1953) (" '(a) wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents' "). Variation from the literal terms of a collective bargaining agreement does not necessarily show a violation of the duty of fair representation, and there was no fundamental unfairness in the process afforded Ness.
 
 
 9
 The agreed facts do not show that the union's conduct was arbitrary. The union attempted to conform to Article XVII(E)'s requirements. It appointed, notified, and confirmed the names of the three union representatives from other local unions that were to sit on the board. When one of the union representatives failed to arrive at the hearing, the union attempted to locate him. Thereafter the union entered into a discussion with Safeway's representatives and the adjustment board members concerning the proper solution to the problem caused by the missing representative.
 
 
 10
 The decision to proceed was reasonable. If the hearing was continued, a new adjustment board would have had to be chosen, and resolution of the dispute over Ness's termination would have been delayed. The grievance procedures outlined in the collective bargaining agreement indicate that prompt resolution of disputes is favored.
 
 
 11
 Ness's argument that the absent union representative might have persuaded the union representative who voted to sustain the discharge to vote otherwise is too speculative and uncertain to require a holding that the procedure was either arbitrary or unfair as a matter of law. Because we find no basis for condemning the procedure, we need not reach the correctness of the court's finding that Ness had waived any objections to the procedure.
 
 
 12
 Affirmed.