George CASTELLI, Plaintiff-Appellant,

v.

DOUGLAS AIRCRAFT COMPANY; International Association of Machinists and Aerospace Workers District Lodge 720, Defendants-Appellees.

No. 84–5648.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 1985.

Decided Feb. 6, 1985.

Joe Ling, Long Beach, Cal., for plaintiff-appellant.

Robert A. Bush, Taylor, Roth & Bush, Los Angeles, Cal., for the Union.

Edward R. McGah, Jr., Steven Greenberger, Irell & Manella, Los Angeles, Cal., for Douglas Aircraft.

Before SNEED, POOLE and FERGUSON, Circuit Judges.

POOLE, Circuit Judge:

Appellant George Castelli appeals the district court's award of summary judgment in favor of appellee International Association of Machinists and Aerospace Workers, Aeronautical Industrial Lodge 720 [Lodge 720 or the Union].[1] Castelli alleges that Lodge 720 breached its duty of fair representation by failing to investigate adequately the circumstances surrounding

---

1. The district court granted summary judgment to both Douglas Aircraft and Lodge 720. Castelli did not appeal the grant of summary judgment to Douglas Aircraft, but he agreed to dismiss claims against Douglas Aircraft in the event that this court affirms the grant of summary judgment in favor of Lodge 720.

his discharge from Douglas Aircraft, by refusing to permit him to be represented by an attorney at a grievance proceeding, and by various tactical errors at the grievance proceeding. We affirm.

## FACTS

Castelli worked as a parts inspector for Douglas Aircraft until April 24, 1981. He was terminated for violating a rule against gambling on company premises. Castelli claims that he was not gambling, but merely selling gold jewelry to fellow employees. Criminal charges against Castelli were dismissed, and pursuant to a collective bargaining agreement between Lodge 720 and Douglas Aircraft, the Union initiated grievance and arbitration proceedings in his behalf. After failure to settle the grievance, arbitration was invoked.

Castelli asked the Union to appoint an attorney to represent him, or to allow him to retain his own counsel at the arbitration. Both requests were denied, and George Spear, a Union Business Representative, represented Castelli at the arbitration. Castelli complains that Spear spent only one and one-half hours preparing for the arbitration, failed to contact key witnesses, failed to introduce as evidence gold jewelry found on Castelli in proof that he was selling it, and inadequately cross-examined the Douglas Aircraft security officer who investigated Castelli. The arbitrator held that Castelli's termination was for just cause.

## DISCUSSION

On appeal, the question whether summary judgment is proper is a legal question, *Taylor v. Sentry Life Insurance Co.*, 729 F.2d 652, 654 (9th Cir.1984), which we review *de novo*. *Loehr v. Ventura County Community College District*, 743 F.2d 1310, 1313 (9th Cir.1984). We will affirm if there are no genuine issues as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Evidence must be viewed in light most favorable to Castelli, the nonmoving

party. *See, e.g., Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir.1980).

 If the Union's conduct toward Castelli was arbitrary, discriminatory, or in bad faith, it would constitute a breach of its duty of fair representation. *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). An employee has no absolute right to have a grievance taken to arbitration, but a union may not arbitrarily ignore a meritorious grievance nor process it perfunctorily. *Id.* at 191, 87 S.Ct. at 917. On the other hand, the grievance process need not be error free—to constitute a breach of the duty of fair representation, more than a mere error of judgment must occur. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 571, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976).

 As a result, courts will interfere with union decisions about employee grievance proceedings only if a union shows reckless disregard for the rights of an employee. *Castaneda v. Dura-Vent Corp.*, 648 F.2d 612, 618 (9th Cir.1981); *Ness v. Safeway Stores, Inc.*, 598 F.2d 558, 560 (9th Cir.1979). Mere negligence on the part of the union does not constitute a breach of the union's duty. *Dente v. International Organization of Masters, Mates and Pilots, Local 90*, 492 F.2d 10, 12 (9th Cir.1973), *cert. denied*, 417 U.S. 910, 94 S.Ct. 2607, 41 L.Ed.2d 214 (1974); *Balestreri v. Western Carloading*, 530 F.Supp. 825, 828 (N.D.Cal.1980), *aff'd*, 663 F.2d 1078 (9th Cir.1981).

 However, an act of omission by a union may be so egregious and unfair as to be arbitrary, thus constituting a breach of the duty of fair representation. *Robesky v. Qantas Empire Airways Ltd.*, 573 F.2d 1082, 1090 (9th Cir.1978) (union's failure to tell employee that her grievance would not be taken to arbitration, leading her to reject employer's settlement offer which she otherwise would have accepted, could constitute a breach of the duty of fair representation). *See also, Dutrisac v. Caterpillar Tractor Co.*, 749 F.2d 1270 at 1272 (9th Cir.1983) (union carelessness may breach

duty of fair representation where its failure to perform a ministerial, but critical, act, such as failing to timely file an employee grievance, completely extinguishes employee's right to pursue claim). But in general, evidence of hostility, arbitrariness, or bad faith is required. *Franklin v. Southern Pacific Transportation Co.*, 593 F.2d 899, 901 (9th Cir.1979).

▮▮▮▮ Accepting Castelli's version of events concerning Lodge 720's treatment of his grievance, there has been no breach of the duty of fair representation. That the Union business representative spent no more than one and a half hours in investigation and preparation for the arbitration, and did not call key witnesses, constituted neither arbitrariness nor bad faith. A union's duty requires some minimal investigation of employee grievances, the thoroughness depending on the particular case; only an egregious disregard for union members' rights constitutes a breach of the union's duty. *Tenorio v. NLRB*, 680 F.2d 598, 601, (9th Cir.1982). There is no evidence of such conduct here.

▮▮▮▮ Lodge 720's representation of Castelli at arbitration cannot be characterized as perfunctory or arbitrary. The business representative's failure to introduce into evidence jewelry found upon Castelli, or to cross-examine a security officer on a particular point may be seen as tactical errors.[2] But if errors, they were at most errors of judgment, and not evidence of breach of the duty of fair representation. *Findley v. Jones Motor Freight*, 639 F.2d 953, 956–61 (3d Cir.1981) (union representative's allegedly inadequate investigation and preparation, and the failure to call certain witnesses at most negligent). There was no negligent conduct by the union that extinguished Castelli's right to pursue his claim, as in *Dutrisac.*

▮▮▮▮ Castelli's argument that he was entitled to counsel in the arbitration pro-

ceeding, either appointed by Lodge 720 or of his own choosing, is also meritless. Nothing in the collective bargaining agreement would entitle Castelli to counsel at an arbitration. Decisions in other circuits hold that it is for the union to decide the circumstances under which an attorney will be supplied to a grievant. *Del Casal v. Eastern Airlines, Inc.*, 634 F.2d 295, 301 (5th Cir.), *cert. denied*, 454 U.S. 892, 102 S.Ct. 386, 70 L.Ed.2d 206 (1981). Where a union representative assists an employee at arbitration, the union's failure to provide the employee with an attorney is not a breach of the duty of fair representation. *Grovner v. Georgia-Pacific Corp.*, 625 F.2d 1289, 1291 (5th Cir.1980); *see also, Steed v. United Parcel Service, Inc.*, 512 F.Supp. 1088, 1091 (S.D.W.Va.1981) (plaintiff's argument that he was entitled to counsel during grievance process meritless).

▮▮▮▮ Moreover, no court has adopted the rule that employees are entitled to independently retained counsel in arbitration proceedings, or that the exclusion of such attorneys from arbitration violates the duty of fair representation. This is not to say, however, that a union may act arbitrarily or in bad faith concerning the presence of counsel in an arbitration. For example, a union must provide nondiscriminatory representation to all bargaining unit employees, without reference to union membership status. When a union customarily provides an attorney to union members in arbitration proceedings, the refusal to provide an attorney to represent a nonunion employee at arbitration is a breach of the duty of fair representation. *National Treasury Employees Union v. Federal Labor Relations Authority*, 721 F.2d 1402, 1406–07 (D.C.Cir.1983); *Del Casal v. Eastern Airlines, Inc.*, 634 F.2d 295, 300–01 (5th Cir.), *cert. denied*, 454 U.S. 892, 102 S.Ct. 386, 70 L.Ed.2d 206 (1981). No such discrimination occurred in the present case.

**2.** The Union business representative who conducted the arbitration on Castelli's behalf, George Spear, testified in his deposition that he did not introduce jewelry found upon Castelli at the time of his discharge because he believed

that sufficient evidence had been introduced to show that Castelli was selling jewelry and not gambling. Spear also feared that introducing the jewelry might prejudice Castelli's case, since selling jewelry also violated company rules.

■ Nor did the Union attempt to prevent Castelli from consultation with counsel of his choice. *See e.g., Seymour v. Olin Corp.*, 666 F.2d 202, 206–10 (5th Cir. 1982) (union acted arbitrarily in conditioning its representation in grievance proceedings upon employee's *not* consulting privately retained counsel). Castelli's deposition indicates that he did consult with an attorney concerning his grievance.

■ In addition, an examination of federal labor statutes suggests disfavoring the involvement in grievance proceedings of attorneys privately retained by union members. Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a) provides that a union is the exclusive representative of all employees in the bargaining unit for purposes of collective bargaining. *See also, Emporium Capwell Co. v. Western Addition Community Organization*, 420 U.S. 50, 61–65, 95 S.Ct. 977, 984–86, 43 L.Ed.2d 12 (1975). Grievance procedures are an integral part of the collective bargaining process, *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960).

As a result, absent authorization under the collective bargaining agreement, the participation of an employee's privately retained counsel in the grievance process could bypass the union and undermine the policy of exclusive representation. Such reasoning led the court in *Malone v. United States Postal Service*, 526 F.2d 1099 (6th Cir.1975) to conclude that neither § 9(a) of the NLRA nor the collective bargaining agreement in that case required the employer to meet with independently retained counsel in grievance proceedings in which the union acts as the grievant's representative. *Id.* at 1107. While we do not rule out entirely the presence of circumstances under which legal assistance might be appropriate, it is our view that the policy of exclusive representation generally requires that the union, rather than privately retained counsel, deal with an employer in the settlement of employee grievances.

AFFIRMED.

FERGUSON, Circuit Judge, concurring:

I concur in the decision to affirm the district court's grant of summary judgment. I agree with the majority that federal labor law disfavors the involvement of an employee's privately retained attorney in disputes in which the union is the exclusive bargaining representative. I write separately to emphasize the limits of our holding that the union did not breach its duty of fair representation in this case by failing to provide Castelli with "appointed or privately retained counsel to represent his interests during the collective bargaining grievance procedures." Brief of Appellant at 1.

A union serves its members by bringing the organized force of all the workers in the union, the local, or the international, to bear upon the employer on behalf of the individual employee. *See generally* R.O. Boyer & H.M. Morais, *Labor's Untold Story* (3rd ed. 1982). It is this "right to self-organization" that the National Labor Relations Act protects. 29 U.S.C. § 157. *See also* Cal.Lab.Code § 923 (California public policy to protect the right of workers to organize and select their own representatives.)

The duty of fair representation insures that this collective strength not be denied to a particular worker for arbitrary, discriminatory, or bad faith reasons. *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). In certain situations, that collective strength may be best expressed by an attorney.

The cases upon which the majority relies do not contradict this principle; they recognize that an attorney's representation may be dictated by the duty of fair representation at certain times. *See, e.g., National Treasury Employees Union v. Federal Labor Relations Authority*, 721 F.2d 1402, 1406–07 (D.C.Cir.1983) (where the union is the exclusive bargaining agent for all employees, it may not limit its provision of

attorneys in grievance and other collective bargaining procedures only to union members); *Del Casal v. Eastern Airlines, Inc.,* 634 F.2d 295, 301 (5th Cir.) (union's "discriminatory refusal to allow a staff attorney to represent him at the System Board hearing based upon his nonmember status constituted a breach of [the union's] duty to fairly represent him"), *cert. denied,* 454 U.S. 892, 102 S.Ct. 386, 70 L.Ed.2d 206 (1981).

In fact, while a union "has the authority to decide under what conditions an attorney will be supplied to a grievant," *Del Casal,* 634 F.2d at 301, this authority, like a union's other responsibilities, is subject to the duty of fair representation. *Id.* Even if the union's attorney is the collective bargaining representative at an arbitration hearing, the union is not relieved of its duty of fair representation. Fair representation remains the standard that must be met. *Balestreri v. Western Carloading,* 530 F.Supp. 825, 829–31 (N.D.Cal.1980).

Thus, in deciding whether a lawyer or a nonlawyer representative of the union should represent an employee at a particular proceeding, the union must consider various factors. One factor is a state law providing: "No person shall practice law in this State unless he is an active member of the State Bar." Cal.Bus. & Prof.Code § 6125. Another factor is whether the union customarily provides attorneys, and thus, whether its denial of an attorney's representation to a particular employee results from arbitrariness, discrimination, or bad faith. *Del Casal,* 634 F.2d at 301. Another factor is the nature of the proceeding and the complaint. When knowledge of the particular job or working conditions is crucial to representing the worker, a nonlawyer representative would, of course be fair; when knowledge of first amend-

ment law, however, is crucial, then a lawyer representative is fair.[1]

To the extent that *Grovner v. Georgia Pacific Corp.,* 625 F.2d 1289 (5th Cir.1980), cited by the majority, tends to insulate from the duty of fair representation the union's decision about whether or not its representative at a particular grievance, arbitration, or other aspect of the collective bargaining process (*see Seymour v. Olin Corp.,* 666 F.2d 202, 209 (5th Cir.1982)) should be an attorney, I must disagree.

---

1. Judicial review of this decisionmaking process, like judicial review of a union's other functions, remains circumscribed by the principles enunciated in *Vaca v. Sipes,* 386 U.S. 171, 191–92, 87 S.Ct. 903, 917, 17 L.Ed.2d 842 (1967), and its progeny. The integrity and financial soundness of both the collective bargaining process and the union's representative status depend on

limited judicial second-guessing of union tactics regarding grievances and arbitration.