**Victor M. VALENTIN,
Plaintiff, Appellant,**

v.

**UNITED STATES POSTAL SERVICE,
Defendant, Appellee.**

**No. 85–1750.**

United States Court of Appeals,
First Circuit.

Argued Feb. 3, 1986.

Decided April 2, 1986.

---

David Rivé Rivera with whom Vargas & Rivé, Hato Rey, P.R., was on brief, for plaintiff, appellant.

James A. Friedman, Washington, D.C. with whom Daniel F. López Romo, U.S. Atty., Osvaldo Carlo Linares, Asst. U.S. Atty., Hato Rey, P.R., and Sherry A. Cagnoli, Asst. Gen. Counsel, Washington, D.C., were on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

Victor Valentin, a former employee of the United States Postal Service filed this suit requesting that the arbitration award upholding his employment termination be vacated. The United States District Court for the District of Puerto Rico, in dismissing the action, found that its prior judgment in *Valentin v. United States of America*, No. 83–0215(JP) (January 4, 1984) operated as *res judicata* in the case at bar. Nevertheless, the court went on to examine the merits and upheld the arbitration award. Valentin appeals from this decision.

The facts which gave rise to this case are as follows: Appellant was hired by the Postal Service in July, 1980. He was slated for termination due to his unsatisfactory performance during the probationary period. He requested and was granted an additional probationary term upon acknowledging his poor attitude. Shortly after completing this second period, he was issued two letters of warning for failing to comply with his supervisors' orders. Thereafter, Valentin was suspended indefinitely in April 1981 for having physically assaulted and threatened a supervisor. He was terminated from the Postal Service in July 1981. The American Postal Workers' Union filed a grievance in the matter. Following a hearing on February 26, 1982, Arbitrator Arnold Zack ruled that the removal was for just cause.

On February 10, 1983, appellant filed the first complaint against the United States of America alleging that the arbitration award was null and void because he was prevented by the arbitrator from being represented by his personal attorney. This suit was later amended to include the union as a defendant, charging it with a breach of duty of fair representation. Upon motions by the government and later by the union, the district court dismissed the suit

for failure to perfect the service of process and for failure to prosecute, under Fed.R. Civ.P. 41(b) and 4(j).

The matter of Valentin's termination returned to arbitration in January 1984. At this hearing the arbitrator found that his indefinite suspension prior to his dismissal was improper and that he was, therefore, entitled to 30-days' pay. The second arbitrator, in reference to the prior award, specifically stated in his award:

> What is left unresolved was the grievant's status, insofar as *pay* was concerned, for some or part of the period he was held out of duty pending the decision to remove and the removal itself. The pay matter was grieved separately and reviewed at all steps of the grievance procedure; it now is at arbitration for final disposition.

*In the Matter of the Arbitration between United States Postal Service and the American Postal Workers Union*, p. 2, N8C–1L–C24320 (June 13, 1984). On October 10, 1984, appellant filed the instant action against the Postal Service only, alleging the same facts before, but inartfully failing to mention the finding of the improper suspension. In his prayer, he requests that the union, not a party in this suit, "be required to pay to the plaintiff all the damages suffered as a result of its bridge (sic) of the duty of fair representation."

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Manego v. Orleans Board of Trade*, 773 F.2d 1 (1st Cir.1985).

We hesitate to review the issue of whether *res judicata* is a bar because various unanswered questions necessary to our determination arise from the district court's decision.[1] We need not decide this point, however, because assuming, *arguendo*, that *res judicata* does not apply, we find that, as noted by the district court, the merits of the case do not warrant vacation of the arbitrator's award.

There is a strong federal policy favoring arbitration as an alternative dispute resolution process. *Zimmerman v. Continental Airlines, Inc.*, 712 F.2d 55 (3d Cir.1983). In reviewing an arbitrator's award, judicial intrusion is restricted to extraordinary situations including abuse of arbitral power or exercise of power beyond the jurisdiction of the arbitrator. *Mobil Oil Corp. v. Local 8–766, Oil, Chemical & Atomic Workers Intern. Union*, 600 F.2d 322 (1st Cir.1979). An arbitration case must present an egregious deviation from the norm before the court of appeals will abandon its firmly established principle of

---

**1.** The district court, in referring to facts surrounding the prior dismissal, stated that the complaint was filed against the *Postal Service*, and that the *Postal Service's* motion to dismiss was granted. We do not know whether the court believed (1) that the prior suit was actually brought against the Postal Service; (2) that the government and the Postal Service were the same party; or, (3) that there was privity between the government and the Postal Service.

Appellees rely heavily on the concept of privity in support of the application of *res judicata*. The application of this doctrine is appropriate when:

> "nonparties *assume control over litigation* in which they have a direct financial or proprietary interest and then seek to redetermine issues previously resolved.... [T]he persons for whose benefit and *at whose direction a*

*cause of action is litigated* cannot be said to be strangers to the cause.... [O]ne who *prosecutes or defends a suit* in the name of another ... is as much bound ... as he would be if he was a party."

(Emphasis supplied). *Montana v. United States*, 440 U.S. 147, 154, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979). In the case at bar, process was never served in the prior litigation. We find nothing in the record with which we can determine whether the Postal Service assumed control over or directed the prior litigation, or, for that matter, even had any knowledge of the existence of the suit. We are, therefore, not in a position to decide the issue of privity, nor do we need to explore the question of whether the "United States" and the "Postal Service" are the same party.

deference. *Office and Professional Employees Intern. Union, Local 2 v. Washington Metropolitan Area Transit Authority,* 724 F.2d 133, 137 (D.C.Cir.1983).

We have examined the record before us, keeping these principles in mind. It is our conclusion that the district court was correct in upholding the validity of the arbitration agreement. Valentin has failed to allege the existence of *any* facts which could constitute a breach of the duty of fair representation by the union. For that matter, he has even failed to bring the union as a defendant in this action, and the Postal Service certainly has no duty toward him in this respect.

As to the failure of the arbitrator to allow appellant to be represented by his own attorney, appellant cites nothing in the collective bargaining agreement which would entitle him to counsel of his choosing at the hearing and which would serve as a foundation for his charge against the arbitrator. Moreover, no court has adopted the rule that employees are entitled to independently retained counsel in arbitration proceedings. *Castelli v. Douglas Aircraft Co.,* 752 F.2d 1480, 1483 (9th Cir.1985).

We also find that the second arbitration award in no way nullified the one challenged here, as it was directed solely to an issue which was not covered by the first award. *See* discussion, *supra,* p. 750, citing *In the Matter of the Arbitration.* Additionally, the second arbitrator found that "Section 3 of the Article [XVI of the collective bargaining agreement] contemplates an employee being 'on the clock'—in a work or a casual status—*but under pay in either case.*" *In the Matter of the Arbitration between the United States Postal Service and American Postal Workers Union,* p. 5, No. N8C–1L–C24320 (June 13, 1984). That is, the indefinite suspension was improper only because it was without pay, not because Valentin had to be allowed to continue working.

*Affirmed.*