8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy TAYLOR; Robert Goins; Robert Rodriguez; Mary
Gonzales, Plaintiffs-Appellants,
v.
ROHR INDUSTRIES, INC.; International Association of
Machinists and Aerospace Workers; District Lodge
No. 120 and De Anza Lodge No. 964,
AFL-CIO; Pinkerton's, Inc.,
Defendants-Appellees.
 No. 92-55063.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1993.*
Decided Sept. 30, 1993.
 
 Before: KOZINSKI, SILER,** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Plaintiffs appeal the entry of summary judgment against them. For the following reasons, we affirm the district court.
 
 Background
 
 3
 Plaintiffs were terminated for violating employee standards of conduct at Rohr Industries, Inc., for knowingly receiving pay for time not worked. The Union participated in both the investigation and the grievance process attendant to the disciplinary action taken against the plaintiffs. First, Union representatives attended investigatory meetings. Second, Chief Shop Steward Schultz met with each plaintiff to discuss individual grievances and assisted in the filing of grievances. Third, Schultz and Union President Welch attended meetings in which each plaintiff was confronted with and given an opportunity to respond to incriminating information.
 
 Analysis
 
 4
 We review the district court's grant of summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987).
 
 
 5
 The plaintiffs first argue that the Union violated its duty of fair representation by refusing to arbitrate their grievances without adequate investigation and by handling the grievances perfunctorily and in bad faith. The duty of fair representation obligates unions "to serve the interests of all members without hostility or discrimination towards any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Vaca v. Sipes, 386 U.S. 171, 177 (1967). It "requires some minimal investigation of employee grievances, the thoroughness depending on the particular case." Castelli v. Douglas Aircraft Co., 752 F.2d 1480, 1483 (9th Cir.1985).
 
 
 6
 The facts recited above show that the Union's investigation did not violate the duty of fair representation. See id. at 1482-83. Furthermore, because the investigation was not deficient, Welch was permitted to rely on it in deciding not to arbitrate the grievances. Finally, the plaintiffs' allegations do not imply bad faith and the Union's representation "cannot be characterized as perfunctory" in view of its participation in the grievance process. Id. at 1483.
 
 
 7
 The plaintiffs next claim that Rohr breached the collective bargaining agreement covering the period from February 12, 1990, to February 14, 1993. However, as the Union did not breach its duty of fair representation, the plaintiffs cannot maintain a cause of action against Rohr for breach of the collective bargaining agreement. Johnson v. United States Postal Serv., 756 F.2d 1461, 1467 (9th Cir.1985).
 
 
 8
 Finally, the plaintiffs assert that their discharge violated the fundamental public policy embodied in Cal. Labor Code section 98.6, because they were discharged in retaliation for a dispute over wages. A cause of action exists where an employee's discharge violates a "firmly established principle of public policy." Tameny v. Atlantic Richfield Co., 610 P.2d 1330, 1332 (Cal.1980). Furthermore, courts in wrongful discharge actions may declare public policy where it is "carefully tethered to fundamental policies that are delineated in ... statutory provisions." See Gantt v. Sentry Ins. Co., 824 P.2d. 680, 687 (Cal.1992). Nevertheless, Rohr could not have discharged the plaintiffs in violation of the public policy established in section 98.6 because the plaintiffs were not discharged on account of a wage dispute. They were fired for padding their time sheets and lying about it. They did not dispute the company's position that they were not entitled to the wages claimed on the time sheets.
 
 Conclusion
 
 9
 An appeal is frivolous if "the result is obvious" and the "arguments of error are wholly without merit." Hanna Boys Ctr. v. Miller, 853 F.2d 682, 687 (9th Cir.1988) (internal quotations omitted). This appeal is frivolous, so costs and reasonable attorney's fees, in an amount to be determined by the district court, are awarded to to the appellees. Fed.R.App.P. 38.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Eugene E. Siler, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3