60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Douglas K. KURODA, Plaintiff-Appellant,
v.
The HERTZ CORPORATION; International Brotherhood of
Teamsters, Local 431, Defendants-Appellees.
 No. 94-16922.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas K. Kuroda appeals pro se the district court's grant of defendants' motion for summary judgment on his claims of race discrimination, breach of the duty of fair representation, and breach of the duty to provide a fair arbitration. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On March 2, 1993, Kuroda and his supervisor had a heated verbal exchange during which Kuroda told his supervisor, "You may have a Master's degree but you don't know shit." Kuroda's supervisor instructed him to "punch out" and leave the premises. Kuroda protested that he had work to finish and that he would not leave. Eventually, Kuroda's supervisor summoned airport security officers and Kuroda left the premises. On March 9, 1993, Kuroda was dismissed for "gross disobedience."
 
 II
 Merits
 A. Race Discrimination Claim
 
 5
 Kuroda contends that the district court improperly granted Hertz's motion for summary judgment on his claim of race discrimination. This contention lacks merit.
 
 
 6
 To avoid summary judgment, the plaintiff in a discrimination suit must respond to the employer's explanation of the adverse employment action with "'specific, substantial evidence"' that the employer's explanation is a pretext for discrimination. Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir. 1994) (citing Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir. 1983)).
 
 
 7
 Here, by presenting evidence of Kuroda's insubordination, Hertz produced a legitimate, non-discriminatory explanation for its decision to terminate Kuroda. See Texas Dep't of Communtiy Affairs v. Burdine, 450 U.S. 248, 257 (1981) (after plaintiff presents a prima facie case of discrimination, defendant must produce evidence of legitimate, non-discriminatory reason for adverse employment action); Wallis, 26 F.3d at 889 (same).
 
 
 8
 In his complaint, Kuroda alleged that non-Japanese workers at Hertz had disagreed and argued with their supervisor in the past but had not been terminated for this conduct. In his opposition to Hertz's motion for summary judgment, however, Kuroda failed to support this allegation with an affidavit or any other documentary evidence. Moreover, Kuroda failed to elaborate on the character of these disagreements or whether any of them required the supervisor to call airport security to remove the employee. Kuroda's sworn statement in support of his opposition to Hertz's motion for sumary judgment stated only that he had worked overtime in the past without being compensated whereas non-Japanese employees had been compensated for their overtime work. Kuroda failed, however, to explain adequately how evidence of Hertz's failure to compensate him for overtime in the past could create a genuine issue of material fact as to whether his termination for insubordination was a pretext for discrimination.
 
 
 9
 Because Kuroda failed to present "specific, substantial evidence" that Hertz's explanation for his termination was a pretext for discrimination, the district court properly granted Hertz's motion for summary judgment on this issue. See Wallis, 26 F.3d at 890.
 
 B. Inadequate Discovery
 
 10
 Kuroda contends that the district court granted summary judgment before he had an opportunity to conduct adequate discovery. This contention lacks merit.
 
 
 11
 We review the district court's orders regarding discovery for an abuse of discretion. Mision Indians v. American Mgmt. & Amusement, Inc., 840 F.2d 1394, 1399-1400 (9th Cir. 1987), cert. denied, 487 U.S. 1247 (1988). Where plaintiff believes additional discovery is necessary to respond adequately to defendant's motion for summary judgment, plaintiff must file an affidavit specifying what information may be obtained through discovery and explaining how this additional information would create a genuine issue of material fact. See Fed. R. Civ. P. 56(f); Mission Indians, 840 F.2d at 1400.
 
 
 12
 Kuroda stated at the hearing on defendant's motion for summary judgment that if he had access to employment records he would be able to prove that Hertz failed to pay him for overtime during one week in August 1991. Kuroda failed to file a motion for additional discovery and an accompanying affidavit as required by Fed. R. Civ. P. 56(f). See id. (explaining procedural requirements for invoking Fed. R. Civ. P. 56(f)); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (pro se litigants held to same procedural rules as litigants represented by counsel). Moreover, Kuroda never explained how discovery relating to overtime pay owed for one week in 1991 would create a genuine issue of material fact as to his termination in 1993. See Mission Indians, 840 F.2d at 1400 (plaintiff must explain how additional discovery "would uncover issues of material fact").
 
 C. Duty of Fair Representation Claim
 
 13
 Kuroda contends that the district court erred by granting Local 431's motion for summary judgment on his claim that Local 431 breached its duty of fair representation. This contention lack merit.
 
 
 14
 Unions have a duty to represent their members in a manner which is not "arbitrary, discriminatory or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967); Castelli v. Douglas Aircraft Co., 752 F.2d 1480, 1482 (9th Cir. 1985). We afford unions "wide latitude in determining" how best to represent their members, and we will not find that the duty of fair representation has been breached based on a good faith tactical judgment, mere negligence, or even "gross and unjustifiable negligence." Galindo v. Stoody Co., 793 F.2d 1502, 1515-16 (9th Cir. 1986); see also Peterson v. Kennedy, 771 F.2d 1244, 1254 (9th Cir. 1985), cert. denied, 475 U.S. 1122 (1986).
 
 
 15
 Because Kuroda's allegations relate to Local 431's tactical decisions concerning the admission of evidence at his arbitration, his claim is, at best, one of negligent representation. Therefore, the district court properly granted Local 431's motion for summary judgment on this claim. See Galindo, 793 F.2d at 1515-16.
 
 D. Fair Arbitration Claim
 
 16
 Kuroda contends that the district court erred by granting defendants' motion for summary judgment on his claim that Hertz and Local 431 prevented him from receiving a fair arbitration. The parties to an arbitration may bring suit to vacate the arbitrator's award when the arbitration is unfair for one of a number of statutorily enunciated reasons. See 9 U.S.C. Sec. 10. "Notice of a motion to vacate... an award must be served upon the adverse party... within three months after the award is filed or delivered." 9 U.S.C. Sec. 12; see Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986). Because Kuroda raised his unfair arbitration claim outside the three-month limitation period, the district court properly granted defendants' motion for summary judgment on this claim.[1]
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we affirm the district court's grant of defendants' motion for summary judgment on the ground that Kuroda gave notice of his intent to vacate the arbitration award outside the three-month time limit, we need not decide the issue of whether Kuroda was a party to the arbitration and therefore has standing to bring a claim under 9 U.S.C. Sec. 10. See United States v. Washington, 969 F.2d 752, 755 (9th Cir. 1992), cert. denied, 113 S. Ct. 1945 (1993) (this court may affirm on any basis supported by the record)