Stephanie THOMAS, Plaintiff,

v.

**LITTLE FLOWER FOR REHABILITATION & NURSING, 1199 SEIU National Benefit Fund and 1199 SEIU United Healthcare Workers East, Defendant.**

No. 10–CV–3849 (ADS)(ETB).

United States District Court,
E.D. New York.

June 22, 2011.

The Law Office of Ralph A. Somma, by Ralph A. Somma, Esq., of Counsel, Babylon, NY, for Plaintiff.

Mound Cotton & Woolan, by Jon Edward Quint, Esq., of Counsel, New York, NY, for defendant Little Flower for Rehabilitation & Nursing.

1199 SEIU National Benefit & Pension Funds, Legal Department, by Suzanne A. Metzger, Esq., Sonja Nan Huang, Esq., of Counsel, New York, NY, for defendant 1199 SEIU National Benefit Fund.

Levy Ratner P.C., by Robert H. Stroup, Esq., of Counsel, New York, NY, for defendant 1199 SEIU United Healthcare Worker's East.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On August 20, 2010, the plaintiff Stephanie Thomas ("Thomas" or "the Plaintiff") commenced this action against Little Flower for Rehabilitation & Nursing ("Little Flower"), 1199 SEIU National Benefit Fund ("the Fund"), and 1199 SEIU United Healthcare Workers East ("Local 1199"). The Plaintiff alleges that Little Flower's termination of her employment was unlaw-ful retaliation in violation of the New York Labor Law and also constituted a breach of contract. In addition, the Plaintiff alleges that Local 1199 breached the duty of fair representation in failing to contest her termination. Finally, the Plaintiff alleges in the complaint that Little Flower, Local 1199, and the Fund are liable for damages under 29 U.S.C. § 1132(c)(1) for failing to provide her with timely notice of her right to elect continued insurance coverage under COBRA. Although the Plaintiff initially asserted the COBRA cause of action against all three defendants, she subsequently stipulated to the dismissal of the claim as against Local 1199. Presently before the Court is a motion by Local 1199 to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim.

## I. BACKGROUND

The following facts are drawn from the complaint and are construed in the light most favorable to the Plaintiff.

On October 1, 1992, plaintiff Stephanie Thomas commenced employment as a registered nurse at Little Flower for Rehabilitation & Nursing, a nursing home located in Suffolk County, New York. Over the course of the next seventeen years at Little Flower, Thomas made several complaints to her supervisors and managers with respect to inadequate staffing and its negative impact on the quality of patient care. According to Thomas, as retaliation for these complaints, her managers and supervisors subjected her to unwarranted scrutiny, criticism, and discipline, ultimately resulting in her suspension by Little Flower on August 18, 2009, which ultimately resulted in the termination of her employment.

Throughout the duration of her employment, Thomas was a member of the union

1199 SEIU United Healthcare Workers East, which is the recognized bargaining agent of Little Flower employees as defined in the Collective Bargaining Agreement between Little Flower and Local 1199 ("the CBA"). Following her suspension, Thomas made numerous inquiries of Local 1199 with respect to her employment status. In response, representatives of Local 1199 advised Thomas either that they were negotiating her reinstatement or that her grievance was being processed and would result in an arbitration hearing. After no action had been taken, on April 21, 2010, Thomas sent a letter to Local 1199 requesting that it provide her with a confirmation that it had submitted her grievance to arbitration. Local 1199 did not respond to the April 21, 2010 letter.

As a result, on August 20, 2010, Thomas commenced the instant action against the defendants, alleging that Little Flower wrongfully terminated her in violation of her contract and the New York Labor Law; Local 1199 breached its duty of fair representation; and that Little Flower, Local 1199 and the Fund were liable under 29 U.S.C. § 1132(c)(1) for failing to provide her with timely notice of her right to elect continuing insurance coverage under COBRA. On November 3, 2010, Local 1199 moved pursuant to Rule 12(b)(6) to dismiss both the duty of fair representation and COBRA causes of action for failure to state a claim. Subsequently, on December 2, 2010, Thomas voluntarily dismissed the COBRA cause of action as against Local 1199. As a result, the analysis below only addresses whether the complaint states a claim against Local 1199 for a breach of the duty of fair representation.

## II. DISCUSSION

### A. *Legal Standard on a Rule 12(b)(6) Motion to Dismiss*

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Second Circuit has explained that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles. *Harris v. Mills*, 572 F.3d 66 (2d Cir.2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 129 S.Ct. at 1950.

In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the Plaintiff's favor. *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir.2002) (internal quotation marks and citation omitted). Only if this Court

is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief" will it grant dismissal pursuant to Rule 12(b)(6). *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir.1993).

### B. Whether the Plaintiff States a Claim Against the Defendant for Breach of the Duty of Fair Representation

"Section 301 of the [Labor Management Relations Act] governs the employer's duty to honor the collective bargaining agreement, and the duty of fair representation is implied from § 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a)." *White v. White Rose Food*, 237 F.3d 174, 179 n. 3 (2d Cir.2001). Because a plaintiff must establish both a violation of section 301 and a breach of the duty of fair representation in order to prevail, this type of claim is referred to as a "hybrid § 301/ duty of fair representation" claim. To prevail on a hybrid § 301/duty of fair representation claim, the Plaintiff must establish both that: (1) Little Flower breached the CBA and (2) Local 1199 breached the duty of fair representation. *See Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 282 (2d Cir. 2005) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983)). A plaintiff "may sue the union or the employer, or both, but must allege violations on the part of both." *White Rose*, 237 F.3d at 179.

With regard to the first prong of the analysis, the Court will not address whether the Plaintiff has adequately pled a cause of action against Little Flower for breaching the CBA or violating the New York Labor Law. Although the Plaintiff is suing both Little Flower and Local 1199, only Local 1199 made the instant motion to dismiss, and neither the Plaintiff nor Local 1199 addressed whether the complaint plausibly alleged that Little Flower

breached the CBA, or violated the New York Labor Law. Accordingly, the Court will only address whether the Plaintiff has stated a claim under the second prong of the analysis, namely, whether Local 1199 breached the duty of fair representation.

■■■ In order to establish a breach of the duty of fair representation, the Plaintiff must show both that Local 1199's conduct towards her was "arbitrary, discriminatory, or in bad faith" and that the damages she suffered were caused by Local 1199's breach. *See Sanozky*, 415 F.3d at 282–83 (citing *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44, 119 S.Ct. 292, 142 L.Ed.2d 242 (1998); *Spellacy v. Airline Pilots Ass'n–Int'l*, 156 F.3d 120, 126 (2d Cir. 1998)). " '[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational.' " *Sanozky*, 415 F.3d at 282–83 (quoting *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991)) (alterations in original). Arbitrary conduct includes both intentional conduct and "acts of omission which, while not calculated to harm union members, may be so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary." *NLRB v. Local 282, Int'l Bhd. of Teamsters*, 740 F.2d 141, 147 (2d Cir.1984) (internal quotation marks and citations omitted). Where, as here, "an employee claims that the union's decision not to file a grievance is a breach of the duty of fair representation, courts typically seek to determine whether the union's conduct can be characterized as arbitrary." *Clarke v. Commc'ns Workers of America*, 318 F.Supp.2d 48, 56 (E.D.N.Y. 2004) (collecting cases).

■ A union acts arbitrarily in failing to initiate or process a grievance when it "ignores or perfunctorily presses a meritorious claim". *Samuels v. Air Transport Local 504,* 992 F.2d 12, 16 (2d Cir.1993) (quoting *Vaca v. Sipes,* 386 U.S. 171, 191, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)). However, a union does not act arbitrarily where it "fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance." *Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers,* 34 F.3d 1148, 1154–55 (2d Cir.1994). As a result, although a union has a "duty to perform some minimal investigation", *Evangelista v. Inlandboatmen's Union of Pac.,* 777 F.2d 1390, 1395 (9th Cir.1985), "only an 'egregious disregard for union members' rights constitutes a breach of the union's duty' to investigate", *Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25,* 426 F.3d 416 (1st Cir.2005) (citing *Castelli v. Douglas Aircraft Co.,* 752 F.2d 1480, 1483 (9th Cir.1985)). Furthermore, "[t]actical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach." *Barr v. United Parcel Serv., Inc.,* 868 F.2d 36, 43 (2d Cir.1989). Accordingly, to find a breach of the duty of fair representation based on arbitrary conduct, the Court must determine whether the Plaintiff has plausibly alleged that: (1) the Plaintiff had a meritorious grievance; (2) Local 1199 was aware of the grievance; and (3) Local 1199 acted arbitrarily in failing to process the Plaintiff's grievance. *See Young v. U.S. Postal Serv.,* 907 F.2d 305, 308 (2d Cir.1990).

■ The Plaintiff alleges in her complaint that Little Flower suspended her employment in retaliation for her complaints to managers and supervisors about inadequate staffing and its negative impact on patient care in violation of the New York Labor Law and the CBA. In its motion to dismiss, Local 1199 argues, without any supporting case law or analysis, that the Plaintiff's complaint does not sufficiently plead a meritorious grievance because the Plaintiff omitted the facts about the misconduct that Little Flower alleged was the basis for her termination, or how a suspension based on the alleged misconduct violated the CBA. However, as previously noted, these conclusory arguments do not provide the Court with a sufficient basis to conclude whether the complaint adequately states a claim against Little Flower for a breach of the CBA. As a result, whether the Plaintiff can state a claim against Little Flower for breach of the CBA is not the subject of this motion. Although Local 1199 disputes the Plaintiff's characterization of the relevant facts, on a motion to dismiss, the Court is required to accept the facts as true and thus the Court finds that the Plaintiff has plausibly alleged that her grievance was meritorious.

■ In addition, the Plaintiff alleges that Local 1199 was aware of her grievance, and that it not only failed to initiate the grievance process but misled her into believing it was pursuing the grievance on her behalf or negotiating a settlement. Insofar as a "minimal investigation" can constitute a breach of the duty of fair representation, an allegation of a failure to perform any investigation after notice of a grievance plausibly alleges a breach of the duty of fair representation. Local 1199 contends that the allegation that it failed to perform a minimal investigation is not in the complaint, and therefore the Court cannot consider it because it is a new argument that the Plaintiff raised in her opposition to the instant motion. The Court disagrees.

In the complaint, the Plaintiff alleges that she contacted Local 1199 on numerous occasions and the union representatives

falsely represented that her grievance was being processed or that a settlement was being negotiated. The Plaintiff further alleges that when she requested a confirmation that her grievance had been submitted to arbitration, Local 1199 failed or refused to reply. Based on these facts, it is reasonable for the Plaintiff to infer that Local 1199 "failed or refus[ed] ... to initiate and/or process any grievance concerning [her] discharge." (Compl., ¶ 28.) Not only has Local 1199 failed to make any representation that it did perform an investigation, but on a Rule 12(b)(6) motion to dismiss, the Court is required to make all inferences and construe any ambiguities in favor of the Plaintiff. Accordingly, the Court finds that the complaint plausibly asserts that Local 1199's conduct in failing to initiate or process the Plaintiff's grievance was more than mere negligence or a tactical error, but rather arbitrary, discriminatory, or in bad faith.

■ Although the cases addressing the duty of fair representation use strong language with respect to the wide discretion afforded to union determinations, there is no heightened pleading standard for a breach of the duty of fair representation cause of action. The Plaintiff was not required to provide proof that her grievance was meritorious, or that Local 1199 failed to investigate, because, when deciding a Rule 12(b)(6) motion to dismiss, the Court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir.2003) (internal quotation marks and citation omitted). Thus, accepting the facts as alleged in the complaint as true, and construing all reasonable inferences in the Plaintiff's favor, the Court finds that her claim that Local 1199 breached the duty of fair representation is plausible and therefore sufficient at this preliminary stage. *See Passante v.*

*New York State Nurses Ass'n*, 10–CV–087, 2010 WL 2425953, at \*3 (N.D.N.Y. June 11, 2010) ("It is enough at this juncture that NYSNA allegedly failed to meet the minimum requirements in handling Passante's grievance and that such a failure was not a tactical decision but rather an arbitrary omission-an omission that may have involved either no decision at all or a decision made in reckless disregard of Passante's rights."); *Moore v. Roadway Express, Inc. and Local 707*, No. 07–CV–977, 2008 WL 819049, at \*5 (E.D.N.Y. March 25, 2008) ("Assuming, as the court must, that plaintiff made valid complaints to his shop steward and that Local 707 failed to conduct even a minimal investigation, plaintiff has stated a claim that Local 707 breached its duty of fair representation by failing to investigate plaintiff's grievances.").

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED,** that Local 1199's motion to dismiss the complaint is denied.

**SO ORDERED.**