947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Senovio A. GALLEGOS, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE; National Association of
Letter Carriers; National Association of Letter
Carriers, Local Union No. 504,
Defendants-Appellees.
 No. 90-2261.
 United States Court of Appeals, Tenth Circuit.
 Oct. 24, 1991.
 
 Before McKAY, Chief Judge, EBEL, Circuit Judge, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 After seven years' employment, Plaintiff was discharged from the United States Postal Service (USPS) in New Mexico for insubordination to his supervisor and taking unauthorized leave. Plaintiff requested his union, the National Association of Letter Carriers (Union), to process a grievance against the USPS. The grievance proceeded to arbitration. After a hearing, the arbitrator determined that the USPS had just cause to terminate Plaintiff's employment. Plaintiff then sued his union and his former employer under 39 U.S.C. § 1208(b) alleging breach of duty of fair representation and wrongful discharge.
 
 
 3
 Plaintiff alleged that the Union breached its duty of fair representation because (1) his representative at the arbitration was not thoroughly familiar with his case; (2) his representative did not insist that the arbitrator hear three witnesses in person instead of by affidavit; (3) Plaintiff's medical documentation was not presented to the arbitrator; and (4) the Union failed to communicate offers of settlement. Plaintiff further alleged that the Union and the USPS conspired to deprive him of his employment.
 
 
 4
 In support of their motions for summary judgment, Defendants submitted Plaintiff's deposition in which he stated that the Union representative's arbitration brief contained all of the available arguments in his favor. Defendants also filed an affidavit from the Union representative stating that the medical evidence did not address the allegations of insubordination and unauthorized leave. In addition, there were affidavits stating that no settlement offers had been made by the USPS.[1]
 
 
 5
 The district court granted summary judgment in favor of the USPS and the Union, holding that Plaintiff had failed to demonstrate the existence of a genuine issue of fact on the Union's breach of duty.[2] The district court found that the first three allegations were tactical decisions which did not establish that the Union breached its duty of fair representation. On the remaining allegation of the failure to communicate settlement offers, the district court found that Plaintiff also had failed to raise a genuine issue of fact. On appeal, Plaintiff asserts that the district court erred in entering summary judgment because the affidavits submitted to the district court establish genuine issues of fact regarding whether the Union breached its duty of fair representation.
 
 
 6
 We apply the same standard of review employed by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). The record must be viewed in the light most favorable to the party opposing the summary judgment. Ewing v. Amoco Oil Co., 823 F.2d 1432, 1437 (10th Cir.1987). The moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment. Id. The nonmoving party must, however, designate specific facts demonstrating the existence of a genuine issue for trial as to the dispositive issues on which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 7
 Case law developed under the Labor Management Relations Act, 29 U.S.C. § 185(a), is relevant to this postal employee case. See United States Postal Serv. v. American Postal Workers Union, AFL-CIO, 893 F.2d 1117, 1120 (9th Cir.), cert. denied, 111 S.Ct. 67 (1990) (cases interpreting 29 U.S.C. § 185(a) have been applied to determine the court's authority pursuant to 39 U.S.C. § 1208(b)); see also Bowen v. United States Postal Serv., 459 U.S. 212 (1983) (applies 29 U.S.C. § 185(a) to claims brought by postal employee); Young v. United States Postal Serv., 907 F.2d 305, 307 (2d Cir.1990) (applied law of nonpostal cases to claims against postal service); United States Postal Serv. v. American Postal Workers Union, AFL-CIO, 893 F.2d 1117, 1120 (9th Cir.) (cases interpreting 29 U.S.C. § 185(a) have been applied to determine the court's authority pursuant to 39 U.S.C. § 1208(b)), cert. denied, 111 S.Ct. 67 (1990); Bacashihua v. United States Postal Serv., 859 F.2d 402, 405 (6th Cir.1988) ("[law for 29 U.S.C. § 185(a) ] is consistently applied to actions brought under 39 U.S.C. § 1208(b)"); Roman v. United States Postal Serv., 821 F.2d 382, 386 (7th Cir.1987) (requirement of exhaustion of remedies under 29 U.S.C. § 185(a) applies to cases authorized by 39 U.S.C. § 1208(b)).
 
 
 8
 To prevail against either the employer or the Union, a discharged employee must not only show that his discharge was contrary to the contract, but must also carry the burden of demonstrating breach of duty of fair representation by the Union. See Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 (1976). A breach of the statutory duty of fair representation occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 110 S.Ct. 1904, 1911 (1990) (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)).
 
 
 9
 If the breach of the duty of fair representation "seriously undermined the integrity of the arbitral process," the arbitrator's decision can be set aside. Barnett v. United Air Lines, Inc., 738 F.2d 358, 362 (10th Cir.), cert. denied, 469 U.S. 1087 (1984); see also Hines, 424 U.S. at 567 ("[I]f it seriously undermines the integrity of the arbitral process the union's breach ... removes the bar of the finality provisions of the [collective bargaining] contract.").
 
 
 10
 "[T]he grievance processes cannot be expected to be error-free." Hines, 424 U.S. at 571. Actionable conduct on the part of the Union involves more than "mere errors in judgment." Id.; accord Castelli v. Douglas Aircraft Co., 752 F.2d 1480, 1483 (9th Cir.1985). Tactical errors or negligence of the Union do not give rise to a breach of duty, even if the errors conceivably might have affected the outcome of the arbitration. Barr v. United Parcel Serv., Inc., 868 F.2d 36, 43 (2d Cir.1989).
 
 
 11
 Here, Plaintiff has failed to establish factual issues regarding whether the arbitral process was undermined by the Union representative's tactical decisions at the arbitration hearing. Plaintiff presented no evidence in support of his allegation that his Union representative was not familiar enough with the case. On the contrary, Plaintiff admitted that the Union representative's brief was thorough and correct. Appellee Supp.App. at 16-17.
 
 
 12
 On his claim of failure to present medical documentation, the only available evidence was that Plaintiff was medically required to limit his work shifts to eight hours. The Union representative's statement is uncontroverted that the medical evidence was not pertinent to the allegations against Plaintiff.
 
 
 13
 The Union representative acquiesced in the arbitrator's decision not to hear personal testimony from three witnesses who were prepared to testify on behalf of Plaintiff. The arbitrator received written affidavits from each of the three witnesses. A decision not to call witnesses at an arbitration hearing does not necessarily constitute a breach of the duty of fair representation, see id. at 44, particularly where, as here, the Plaintiff does not allege that the testimony of his witnesses would have differed from, or added to, their respective affidavits. Moreover, none of those witnesses had personal knowledge about the incidents on which the charges against Plaintiff were based.
 
 
 14
 Plaintiff's remaining contention is that the Union failed to communicate settlement offers between the USPS and Plaintiff. In addressing this claim, we will consider the record in the light most favorable to Plaintiff.
 
 
 15
 Plaintiff alleges that an offer of settlement of reinstatement with no back pay was authorized by a USPS area manager on the day of the arbitration, but no offer was conveyed to Plaintiff.
 
 
 16
 Plaintiff fails to demonstrate an issue of fact concerning the alleged offer. We accept as true Plaintiff's statement that a few days after the arbitration hearing, USPS Area Manager Frank Padilla expressed to Plaintiff Padilla's understanding that Plaintiff had refused an offer of reinstatement with no back pay made on the day of the arbitration. That statement neither contradicts nor conflicts with Padilla's affidavit that Padilla had authorized the USPS advocate to make such an offer. After mentioning the alleged offer to Plaintiff, Padilla learned that the USPS advocate never made the offer to the Union because the advocate felt that the USPS was likely to win at arbitration so had decided not to settle the grievance. Appellee Supp.App. at 3.
 
 
 17
 Even though Plaintiff asserted that the settlement offer had been authorized, he has not established a factual issue of whether the USPS advocate had conveyed a settlement offer to the Union. Because Plaintiff did not establish that the settlement offer was conveyed to the Union, he cannot prevail.
 
 
 18
 Plaintiff also alleges that on the day before the arbitration hearing, the Union representative informed Plaintiff that the USPS had offered as settlement reinstatement of his job and three months' back pay. Plaintiff directed the Union representative to try to get four months' back pay, but to take the three months if the USPS would not agree to more. Later, when Plaintiff asked about the status of the offer, the Union representative made a telephone call, ostensibly to convey Plaintiff's counter offer to the USPS advocate. After the call, the representative told Plaintiff that the "Postal Service would not go with the offer.... [Plaintiff] understood this to mean that they were not interested in settling the grievance." Appellant App. at 13. Based on these facts, we conclude that no contract of settlement was formed.
 
 
 19
 Federal, rather than state, substantive law controls the settlement negotiations because Plaintiff's claims are founded on federal labor law. See Johnson v. Beatrice Foods Co., 921 F.2d 1015, 1018 (10th Cir.1990) (federal, and not state, law must be used in adjudicating claims brought under 29 U.S.C. § 185(a)); see also International Bhd. of Elec. Workers, AFL-CIO v. Hechler, 481 U.S. 851, 855 (1987) ("Congress, through [29 U.S.C. § 185(a) ], had authorized federal courts to create a body of federal law for the enforcement of collective-bargaining agreements--law 'which the courts must fashion from the policy of our national labor laws.' [Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 456 (1957) ]"); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209 (1985) (federal policy of 29 U.S.C. § 185(a) is to apply substantive federal law to be fashioned by the courts from the policy of our national labor laws); Complete Auto Transit, Inc. v. Reis, 451 U.S. 401, 407 (1981) ("[W]e 'discharg[e] the duty Congress imposed on us to formulate the federal law to govern [29 U.S.C. § 185(a) ] suits,' [ Atkinson v. Sinclair Refining Co., 370 U.S. 238, 248-49 (1962) ].").
 
 
 20
 "In fashioning federal substantive law, courts may adopt state law in whole or in part to the extent that it is compatible with federal labor policy." Karo v. San Diego Symphony Orchestra Ass'n, 762 F.2d 819, 821 (9th Cir.1985) (citing Rehmar v. Smith, 555 F.2d 1362, 1368 (9th Cir.1976) (citing Textile Workers Union v. Lincoln Mills, 353 U.S. at 457)).
 
 
 21
 New Mexico law applies. Under New Mexico law, "[f]or there to be a contract, the offer must be accepted unconditionally and unqualifiedly by the offeree. The acceptance must be to all terms." Corr v. Braasch, 639 P.2d 566, 567 (N.M.1981) (citations omitted). A response to an offer that purports to accept it, but which adds conditions not contained in the original offer, is not an acceptance but is a counteroffer. Polhamus v. Roberts, 175 P.2d 196, 198 (N.M.1946). "An offer not under seal or given for consideration may be withdrawn at any time prior to unconditional acceptance by offeree." K.L. House Constr. Co. v. Watson, 508 P.2d 592, 593-94 (N.M.1973).
 
 
 22
 In this case, Plaintiff did not authorize an unconditional acceptance of the offer. Because his purported acceptance was conditioned upon an additional term not contained in the original offer, four months' back pay instead of three, Plaintiff's response constituted a counteroffer. The USPS was free to withdraw its offer at that point since it was prior to unconditional acceptance by Plaintiff.
 
 
 23
 The USPS response that it would not settle does not establish that the Union failed to convey Plaintiff's counteroffer. The USPS was within its rights in refusing to settle at any time before Plaintiff unequivocally accepted an outstanding settlement offer. Therefore, even when viewed in the light most favorable to Plaintiff, no genuine issue of fact was established regarding the Union's breach of its duty of fair representation.
 
 
 24
 Because we affirm the district court's grant of summary judgment, we do not reach Plaintiff's argument that he was entitled to a jury trial.
 
 
 25
 We have reviewed Plaintiff's remaining arguments and find them to be without merit.
 
 
 26
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The USPS and the Union argued that because Plaintiff could not prevail on his claim against the Union, he could not prevail on his claim against the USPS. They adopt the same argument here
 
 
 [2]
 The district court granted the local union's unopposed Motion to Dismiss